633 P.2d 397

The STATE of Arizona ex rel. Thomas
E. COLLINS, Maricopa County
Attorney, Petitioner,

v.

The Honorable Stephen SCOTT, Judge of
the Maricopa County Superior Court;
and Donald Phillips, real party in inter-
est, Respondents.

No. 15351.

Supreme Court of Arizona,
En Banc.

July 20, 1981.

Rehearing Denied Sept. 10, 1981.

Thomas E. Collins, Maricopa County
Atty. by Lyn D. Kane, Deputy County
Atty., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public De-
fender by Laurie F. Shanks, Deputy Public
Defender, Phoenix, for respondent Phillips.

HAYS, Justice.

This is a special action in which the State
contends that the trial court abused its dis-
cretion in excluding a Motor Vehicle Divi-
sion document from respondent Phillips' tri-
al for driving without a license while intoxi-
cated. We accept jurisdiction pursuant to
Ariz.Const. art. 6, § 5, and 17A A.R.S. Rules
of Procedure for Special Actions, rule 3.

On August 8, 1980 respondent/real party
in interest, Donald Phillips (hereinafter "de-
fendant"), was arrested and charged with
violation of A.R.S. § 28–692.02,[1] a class-six
felony. On the morning of the trial, de-
fense counsel filed a motion *in limine* seek-
ing to exclude certain Motor Vehicle Divi-
sion documents from evidence claiming they
were irrelevant in that they did not show
that defendant's operator's license was re-
voked on August 8, 1980. At issue were
several Motor Vehicle Division documents
which included two "Order of Revocation"
letters purporting to revoke the defendant's
license for one year. The first letter was
dated August 28, 1978 but was returned
without acknowledgment of receipt by de-

---

1. A.R.S. § 28–692.02 provides, in part, for in-
creased punishment when a person whose op-
erator's license is suspended, revoked or refus-
ed "commits the offense of driving a vehicle
while under the influence of intoxicating liquor
or drugs during the period of such suspension,
revocation or refusal, . . . ."

fendant. The second was dated May 10, 1979 and reflects acknowledgment of receipt and surrender of license on September 10, 1979.

The trial court granted defendant's motion *in limine* ruling that the May 10, 1979 Motor Vehicle Division letter could not be used to establish that defendant's license was revoked as of August 8, 1980. In explaining the decision, the court stated that because the Order of Revocation had been *entered* prior to August 8, 1979, and on its face the revocation was for one year, *i. e.*, May 10, 1979 to May 10, 1980, the year had lapsed as of August 8, 1980, the date of the charged offense.

Petitioner insists that this court must resolve one issue: when does the revocation of a license issued by the Motor Vehicle Division take effect? In framing this issue, petitioner argues that the revocation period should run from the date the defendant acknowledged notice of revocation, here, September 10, 1979. Defendant contends, however, that the revocation period runs from the date the revocation order is entered, in this instance, no later than May 10, 1979. Alternatively, petitioner maintains that even under defendant's theory of revocation, his license still would have been under revocation on August 8, 1980, because defendant had not applied for a new license as required by A.R.S. § 28–448(B).

A.R.S. § 28–448(B) provides that a person whose license is revoked,

> "shall not be entitled to have the license or privilege renewed or restored unless the revocation was for a cause which has been removed, except that *after the expiration of one year from the date on which the revoked license was surrendered to and received by the department* the person may make application for a new license as provided by law, . . ." (Emphasis added).

We believe that this statute is dispositive of the question before us. It is clear that

this section contemplates the period of revocation to run from the date the license is *surrendered* to the department and remains in effect until the former license holder acts to have the license renewed or restored. Therefore, the period of revocation commenced on September 10, 1979, the date that defendant surrendered his license to the Motor Vehicle Division.

Accordingly, we hold that the trial court abused its discretion in ruling that the Motor Vehicle Division Order of Revocation letter dated May 10, 1979 could not be introduced into evidence to show that defendant's license was revoked as of August 8, 1980.[2]

Prayer for relief granted. Remanded for proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.

---

2. We do not express an opinion as to the admissibility of the other documents which were excluded from evidence by the trial court's granting of defendant's motion *in limine*; namely, the computer printout and the Order of Revocation letter dated August 28, 1978, as the parties focused their arguments on the letter dated May 10, 1979.