931 P.2d 1077

**STATE of Arizona, Appellee,**

v.

**Kenneth TAYLOR, Appellant.**

**No. 1 CA–CR 95–0260.**

Court of Appeals of Arizona,
Division 1, Department A.

April 9, 1996.

As Corrected April 10, 1996.

Opinion Denying Reconsideration
Sept. 10, 1996.

Review Denied Feb. 26, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Randall M. Howe, Assistant Attorney General, Phoenix, for Appellee.

Richard D. Engler, Yuma, for Appellant.

## OPINION

WEISBERG, Judge.

Kenneth Taylor ("defendant") appeals the trial court's revocation of his probations in three underlying causes. He contends that the trial court erred by concluding that it was required to impose prison terms. For the following reasons, we affirm in part, reverse in part, and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 1994, defendant was adjudged guilty of one count of possession of a dangerous drug, one count of attempted sale of a dangerous drug,[1] and one count of theft. The trial court suspended the imposition of sentence on all three convictions and placed defendant on intensive probation for a period of sixty months on the drug counts, cause numbers 19586 and 19600, and supervised probation for a period of forty-eight months on the theft count, cause number 19600, to be served concurrently.

As a standard condition of the probations, defendant was required to submit to drug testing at the direction of his probation officer. On February 23, 1994, defendant provided a urine sample that tested positive for methamphetamine. Though he denied having used the drug, he provided another sample that tested positive on March 25, 1994. Defendant then admitted to the probation officer that he had used methamphetamine. The probation officer arranged for defendant to attend counseling for his drug use, but defendant failed to do so. He then tested

---

1. Both drug charges involved methamphetamine.

positive again on June 10, 1994, and admitted to another probation officer that he was using methamphetamine.

Defendant's probation officer filed a petition to revoke defendant's probations for violating standard condition nine, which requires defendant to:

Not possess or use any controlled substances, inhalants, narcotics or prescription drugs, except those prescribed by a physician/dentist. Submit to urinalysis, breathalyzer, or chemical testing as directed by the probation officer.

Following a revocation hearing, the trial court found that defendant had violated his probations.

At the disposition hearing, defendant argued that the trial court had discretion to either a) revoke the probations and impose prison terms, or b) modify the conditions of intensive probation. The state responded that the trial court had found that defendant used methamphetamine, a felony, and therefore, pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–917(B), was required to impose prison terms.

The trial court concluded that it was constrained by the statute, and therefore revoked defendant's probations and imposed concurrent, mitigated prison terms of 2, 3.75, and 2 years. The court admitted that, had it not been constrained by the statute, "this sentence might well be different."

Defendant has timely appealed.

## DISCUSSION

Defendant argues that the trial court erred by concluding that it was required to revoke defendant's probations pursuant to A.R.S. section 13–917(B). With respect to defendant's intensive probation, we disagree.

A.R.S. section 13–917(B) provides:

The court may issue a warrant for the arrest of a person granted intensive probation. If the person commits an additional offense or violates a condition of probation, the court may revoke intensive probation at any time before the expiration or termination of the period of intensive probation. *If a petition to revoke the period of inten-*

*sive probation is filed and the court finds that the person has committed an additional felony offense* or has violated a condition of intensive probation which poses a serious threat or danger to the community, *the court shall revoke the period of intensive probation and impose a term of imprisonment as authorized by law.* If the court finds that the person has violated any other condition of intensive probation, it shall modify the conditions of intensive probation as appropriate or shall revoke the period of intensive probation and impose a term of imprisonment as authorized by law.

(Emphasis added.)

■ Defendant's primary argument is that mandatory revocation under A.R.S. section 13–917(B) applies only when the state alleges a violation of standard condition one of intensive probation, which requires probationers to "[o]bey all laws." Defendant, however, misreads the statute.

The statute does not speak in terms of which condition is violated. Rather, it establishes a single criterion in addition to the filing of a petition to revoke intensive probation: that the court finds that the defendant has committed a felony.

This criterion is not necessarily linked to standard condition one. A defendant can violate standard condition one, requiring probationers to obey all laws, by committing a misdemeanor, which would not require revocation under A.R.S. section 13–917(B). Moreover, a violation of other standard conditions may constitute a felony. For example, standard condition seven forbids the possession, control, or ownership of "any firearm, ammunition, explosive, deadly weapon, or prohibited weapon." A violation of this condition might constitute a felony under A.R.S. section 13–3102. Standard condition nine, prohibiting the possession or use of controlled substances, is of course another example, as in the instant case.

We therefore conclude that the mandatory revocation provision of A.R.S. section 13–917(B) applies regardless whether the petition to revoke intensive probation alleges a violation of standard condition one. Once a

petition is filed, the statute requires revocation whenever the trial court finds that the defendant has committed a felony offense.

■ In the instant case, it is undisputed that the trial court found that defendant committed a felony. The petition for revocation alleged a violation of standard condition nine, which imposes two requirements: that defendant 1) "[n]ot possess or use controlled substances, inhalants, narcotics or prescription drugs, except those prescribed by a physician/dentist," and 2) submit to drug testing at the direction of the probation officer. The violation was based on the use of methamphetamine, a dangerous drug, *see* A.R.S. § 13–3401(6)(b)(xii), which is a class 4 felony. A.R.S. §§ 13–3407(A)(1), (B)(1).[2] Accordingly, A.R.S. section 13–917(B) required the trial court to revoke defendant's intensive probations.

■ Defendant also asserts a due process argument: that it was fundamentally unfair to revoke his probation based on a violation that was not alleged in the petition for revocation. *See Brough v. State*, 54 Ariz. 237, 239, 94 P.2d 869, 870 (1939) (a defendant cannot be imprisoned for a crime not alleged in an indictment). This, however, is simply an inaccurate characterization of the trial court's action.

Defendant's probations were revoked based on his violation of standard condition 9, as alleged in the petition. Because the facts underlying the violation constituted a felony, revocation was mandatory. The revocation was therefore based upon the violation alleged in the petition.

Furthermore, the petition also alleged *how* defendant violated standard condition nine: by using methamphetamine. Defendant therefore had notice of the alleged violation and the conduct that was the basis of that violation. Accordingly, defendant was not denied due process. *See State v. Alves*, 174 Ariz. 504, 506, 851 P.2d 129, 131 (App.1992).

■ We also reject defendant's policy argument that our construction of the statute divests probation officers of their discretion to charge probationers with technical violations rather than substantive violations. Such a result, defendant argues, would deprive probation officers of their ability to treat effectively those probationers whose problems would be best solved by having their conditions of probation modified to include treatment for drug problems, rather than being merely sent to prison. We, however, disagree.

First, we note that probation officers still have discretion whether, in the first instance, to file a petition for revocation. Second, they also have substantial control over the factual basis that they use for the alleged violation. Beyond this, however, the legislature has decreed that their discretion end. If, based upon the facts alleged in the petition and proved by the state, the trial court finds that a defendant has committed a felony offense, the legislature has required the revocation of that defendant's intensive probation and the imposition of a prison term. Any argument regarding the wisdom of this statute is therefore properly made before the legislature, not this court. *See State v. Milke*, 177 Ariz. 118, 130, 865 P.2d 779, 791 (1993), *cert. denied*, 512 U.S. 1227, 114 S.Ct. 2726, 129 L.Ed.2d 849 (1994).

■ Lastly, we note that, because defendant's probation in cause number 19941 was not intensive, A.R.S. § 13–917(B) did not apply to it and, therefore, the trial court was not required to impose a prison term on that count. *See* A.R.S. § 13–901(C). Although the parties have either missed or ignored this distinction in both the trial court and this court, we conclude that it is fundamental error. We therefore remand cause number 19441 so that the trial court may exercise its discretion whether to revoke defendant's probation and impose a prison term, or modify the conditions of probation.

---

2. We note that a sentencing court may classify the use of a dangerous drug as a class 1 misdemeanor if the state moves for such classification and the defendant has not previously been convicted of a felony. A.R.S. § 13.3407(B)(1); *see also State v. Dykes*, 163 Ariz. 581, 789 P.2d 1082 (App.1990) (finding unconstitutional the statute's additional requirement that the state move for a misdemeanor classification). In the instant case, however, defendant had, in fact, been convicted of numerous prior felonies.

## CONCLUSION

For the foregoing reasons, we conclude that A.R.S. section 13–917(B) required the trial court to revoke defendant's intensive probation in cause numbers 19586 and 19600 and impose prison terms. We further conclude that the trial court erroneously found that it was required to revoke defendant's probation in cause number 19441. Accordingly, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

CONTRERAS, P.J., and TOCI, J., concur.

## SUPPLEMENTAL OPINION

WEISBERG, Judge.

The factual and procedural background of this case is set forth in our original opinion. *See* 214 Ariz.Adv.Rep. 15 (App. Apr. 9, 1996). Briefly, defendant was serving two terms of intensive probation and one term of supervised probation. Defendant's probation officer filed a petition to revoke the probations, alleging that defendant had used illegal drugs. Following an evidentiary hearing, the trial court found that defendant had used drugs and therefore revoked his probation. Concluding that Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–917(B) required the imposition of prison sentences because defendant had committed a felony, the trial court imposed prison terms on each of defendant's three convictions.

On appeal, defendant argued that A.R.S. section 13–917(B) did not apply because the petition to revoke did not explicitly allege that he had committed a felony. We disagreed and affirmed the trial court's revocation of defendant's two terms of intensive probation. We also concluded, however, that the statute was inapplicable to defendant's supervised probation and, therefore, the trial court erred by determining that it was required to revoke that probation. Although neither defendant nor the state raised the latter issue either in the trial court or on appeal, we concluded that the error was fundamental and, accordingly, reversed and remanded for further proceedings on that count.

The state has filed a motion for reconsideration, arguing that, although we correctly found fundamental error, we erred in reversing because we no longer have the authority to do so since the legislature has repealed A.R.S. section 13–4035. *See* 1995 Ariz.Sess. Laws Ch. 198, § 1. According to the state:

> [T]his Court *may not* conduct fundamental error review since the repeal of A.R.S. § 13–4035, retroactively applicable to Appellant's case. Laws 1995, (1st Reg.Sess.) Ch. 198, § 1; *State v. Kemp*, 211 Ariz.Adv. Rep. 3, 11 [185 Ariz. 52, 67–68, 912 P.2d 1281, 1296–97] (Feb. 29, 1996); *State v. Smith*, 184 Ariz. 456, 460, 910 P.2d 1, 5 (1996). Without § 13–4035, the Court has no jurisdiction to review the record on appeal for issues that defense counsel failed to raise.... This Court no longer has the authority to search for fundamental error not raised by either party on appeal.

We disagree.

A.R.S. section 13–4035(B) imposed upon this court the obligation to search the entire record in a criminal appeal for fundamental error. *State v. Yslas*, 139 Ariz. 60, 63, 676 P.2d 1118, 1121 (1984). Since the statute's repeal, we no longer have that obligation. *State v. Kemp*, 185 Ariz. 52, 67, 912 P.2d 1281, 1296 (1996), *petition for cert. filed* (May 28, 1996) (No. 95–9137); *State v. Smith*, 184 Ariz. 456, 460, 910 P.2d 1, 5 (1996).

The repeal of A.R.S. section 13–4035, however, does not divest this court of the authority to reverse for fundamental error. The only authorities cited by the state, *Kemp* and *Smith*, hold merely that this court is no longer required to search the record for fundamental error. The state cites no authority, and we have found none, for the proposition that this court is now *required* to *ignore* obvious fundamental error in a criminal proceeding.

A.R.S. section 12–120.21(A)(1) confers upon this court jurisdiction over "all actions ... originating in or permitted by law to be appealed from the superior court." In exercise of this jurisdiction, we "may reverse, affirm or modify the judgment appealed from, and may grant a new trial or render

any judgment or make any order which is consistent with the justice and the rights of the state and the defendant." A.R.S. § 13–4036; *see also State v. DiGiulio*, 172 Ariz. 156, 161, 835 P.2d 488, 493 (App.1992). Accordingly, we have the authority to reverse when we discover fundamental error. *See United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936) ("In exceptional circumstances ... appellate courts ... may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings.").

We therefore deny the state's motion for reconsideration.

CONTRERAS, P.J., and TOCI, J., concur.