975 P.2d 1101

**STATE of Arizona, Appellee,**

v.

**Robert Leigh CLAYBROOK, Appellant.**

No. 1 CA–CR 97–0735.

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 8, 1998.

Review Denied April 12, 1999.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section, and Katia Mehu, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

GARBARINO, Judge.

¶ 1 Robert Leigh Claybrook (the defendant) appeals his conviction and sentence for the charge of aggravated driving under the influence (aggravated DUI) on an Arizona driver's license that had been revoked ten years earlier. The defendant also appeals his conviction and sentence for the aggravated charge of having a blood alcohol concentration (BAC) of 0.10 or more within two hours of driving on the same revoked driver's license. We affirm in part and reverse in part.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Police revoked the defendant's Arizona driver's license twice for the period between August 1986 and August 1987. He never applied for a new Arizona driver's license, as required by state law. *See* Ariz. Rev.Stat. Ann. (A.R.S.) § 28–450 (1995) (renumbered A.R.S. § 28–3316 (effective Oct. 1,

1997)). In November 1986, the defendant moved to Utah and obtained a Utah driver's license. He frequently returned to Arizona to care for his elderly mother.

¶ 3   Just before 5:10 p.m. on September 2, 1996, a police officer began following the defendant after observing that his car had a broken front windshield. The defendant's car weaved within its lane and made an illegal left turn into the parking lot of a Circle K convenience store, where the officer conducted a traffic stop.

¶ 4   When the officer asked the defendant for his driver's license, he began to unbuckle his pants in an effort to reach his back pocket. The defendant exhibited impaired balance, his eyes were red, he smelled of alcohol, and he slurred his words. He admitted that he had consumed three to five alcoholic drinks, and he poorly completed field sobriety tests. After considering the totality of the circumstances, the officer arrested the defendant for DUI.

¶ 5   At the jail, the officer read the defendant his *Miranda*[1] rights. The defendant waived his rights and admitted that he had consumed three ten-ounce beers between 2:30 p.m. and the time of the traffic stop at 5:10 p.m. He further acknowledged that his Arizona driver's license had been revoked. The defendant submitted to several intoxilyzer tests, only two of which were accurate; his BAC registered at 0.20 at 7:17 p.m. and 0.186 at 7:24 p.m.

¶ 6   The State charged the defendant by information with one count of aggravated DUI on a revoked driver's license and one aggravated count of having a BAC of 0.10 or more within two hours of driving on a revoked driver's license, both class 4 felonies. The defendant pled not guilty, and the case proceeded to a jury trial.

¶ 7   The jury convicted the defendant as charged. The trial court suspended imposition of the defendant's sentences and placed him on probation for two years. As a condition thereof, the trial court required the defendant to serve four months in prison, with

credit for thirty-seven days of presentence incarceration. The defendant timely appealed.

## STANDARD OF REVIEW

¶ 8   We view the facts in the light most favorable to sustaining the verdicts, resolving all reasonable inferences against the defendant. *See State v. Atwood,* 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992).

## DISCUSSION

¶ 9   The defendant argues that because he possessed a valid Utah driver's license at the time of his arrest, the jury improperly convicted him of aggravated counts. The defendant also contends that the jury lacked sufficient evidence to convict him of having a BAC of 0.10 or more within two hours of driving.

### I.   *Driving on a Revoked Driver's License*

■   ¶ 10   Although the defendant possessed an ostensibly valid Utah driver's license at the time of his arrest,[2] we hold that the jury appropriately found him guilty of driving on a revoked driver's license. The defendant could not have legally operated a motor vehicle in Arizona until he reapplied for and received reinstatement of his Arizona driver's license. *See* A.R.S. § 28–450. The statute states that:

> A resident or nonresident whose driver's license or right or privilege to operate a motor vehicle in this state has been suspended or revoked as provided by this chapter shall not operate a motor vehicle in this state under a license, permit or registration certificate issued by any other jurisdiction, or otherwise during the suspension or after the revocation until a new license is obtained when and as permitted under this chapter.

¶ 11   We addressed a similar situation in *State v. Banicki,* 188 Ariz. 114, 933 P.2d 571 (App.1997). There, a jury convicted Banicki of aggravated DUI after police arrested him

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. The defendant obtained his Utah driver's license sometime between November 1986 and August 1987.

for DUI on a suspended Arizona driver's license. *See id.* at 116, 933 P.2d at 573. Although Banicki possessed a Georgia driver's license, at the time of his arrest, the court explained:

> The judge instructed on the only relevant inquiry for the jury: Whether defendant's privilege to drive in Arizona was in effect at the time of the arrest. The validity of defendant's Georgia driver's license would have been meaningful if the jury would have determined that defendant had the privilege to drive in Arizona. Accordingly, it was not the judge's instruction that extracted meaning from defendant's Georgia driver's license; rather, it was the jury's finding that defendant's privilege to drive in Arizona was under suspension.

*Id.* at 117, 933 P.2d at 574.

■ ¶ 12 We hold that once an Arizona driver's license is revoked, the holder of that license must reapply and obtain reinstatement of driving privileges in Arizona before that driver can legally drive upon Arizona highways.

## II. A BAC of 0.10 or More Within Two Hours of Driving

¶ 13 The second issue is whether the jury possessed sufficient evidence to convict the defendant of having a BAC of 0.10 or more within two hours of driving. We hold that the jury did not have enough evidence, and we reverse this conviction and sentence.

■ ¶ 14 Pursuant to statute, "[i]t is unlawful for any person to drive or be in actual physical control of any vehicle within this state .... [i]f the person has an alcohol concentration of 0.10 or more *within two hours of driving or being in actual physical control of the vehicle.*" A.R.S. § 28–692(A)(2) (1995) (renumbered A.R.S. § 28–1381 (effective Oct. 1, 1997)) (emphasis added). Here, police did not determine the defendant's BAC until *more* than two hours after he had driven his vehicle. When a defendant's BAC test does not occur within two hours of driving, however, the State may

still meet its burden of proving that the defendant had a BAC of 0.10 or more within the two-hour period by using "evidence relating the defendant's blood alcohol content back." *State v. Superior Ct. (Kankelfritz),* 187 Ariz. 440, 441, 930 P.2d 517, 518 (App. 1996).[3] This is referred to as retroactive extrapolation.

¶ 15 Retroactive extrapolation is a process through which a "minimal alcohol elimination rate of .015 percent an hour is used to determine what a blood alcohol rate was at a specified time prior to the taking of a breath sample." *Ring v. Taylor,* 141 Ariz. 56, 69, 685 P.2d 121, 134 (App.1984). The scientific community has generally accepted this procedure. *See id.* at 69, 685 P.2d at 134. The expert witness who presents BAC retroactive extrapolation evidence "can be a police officer or the operator of the machine if properly certified and in addition possesses superior knowledge, experience and expertise on the question." *Desmond v. Superior Ct.,* 161 Ariz. 522, 529, 779 P.2d 1261, 1268 (1989).

■ ¶ 16 In this case, the prosecution failed to present expert testimony that the State had performed the necessary extrapolation relating the defendant's BAC level at the times of his intoxilyzer tests to within the two-hour period following his traffic stop. Had there been such testimony, it might have provided sufficient evidence to allow the jury to reasonably conclude that the defendant had violated A.R.S. section 28–692(A)(2) by having a BAC of 0.10 or more within two hours of his traffic stop.

¶ 17 Because the State failed to present this evidence, we must reverse the defendant's conviction and sentence for having a BAC of 0.10 or more within two hours of driving. We acknowledge that it is "common sense," in most cases, that an individual who registered a 0.20 just two hours and seven minutes after his arrest must have possessed a BAC of 0.10 or greater within two hours of driving. However, there is a need for a definitive rule for those cases that are not as obvious as the one at hand.[4]

---

3. We disagree with *State v. Superior Court* to the extent that it states that evidence must relate

"back to the time of driving," *id.,* rather than to within two hours of driving.

4. We disagree with *Logan v. Brown,* 151 Ariz. 96,

## CONCLUSION

¶ 18 We affirm the defendant's conviction and sentence for aggravated DUI on a revoked license. We reverse the defendant's conviction and sentence for having a BAC of 0.10 or more within two hours of driving on a revoked driver's license.

JAMES B. SULT, Presiding Judge, and SARAH D. GRANT, Judge, concur.

725 P.2d 1130 (App.1986), to the extent that it finds that when a defendant's BAC test results equal or exceed 0.10, a rebuttable presumption exists that the defendant had a BAC of 0.10 or more at an earlier time. *See id.* at 100–01, 725 P.2d at 1134–35.