HURWITZ, Justice,
concurring.
¶37 Were we writing on a clean slate, I would conclude that all Apprendi error is structural, for the reasons explained by Justices Jones and Feldman in their separate opinions in Ring III and its progeny. See, e.g., State v. Ring, 204 Ariz. 534, 565-67 ¶¶ 105-114, 65 P.3d 915, 946-48 (2003) (“Ring III”) (Feldman, J., concurring in part, dissenting in part); State v. Sansing, 206 Ariz. 232, 241-42 ¶¶ 40-46, 77 P.3d 30, 39-40 (2003) (Jones, C.J., dissenting); State v. Armstrong, 208 Ariz. 360, 366-68 ¶¶ 25-37, 93 P.3d 1076, 1082-84 (2004) (Jones, C.J., concurring in part, dissenting in part). But this Court resolved that issue to the contrary in Ring III.[5] Moreover, the Supreme Court of the United States, although in a different factual context, arguably has reached the same conclusion, stating that “[wjhere the jury was precluded from determining only one element of an offense ... harmless-error review is feasible.” Mitchell v. Esparza, 540 U.S. 12, 16, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003). Therefore, albeit not without reservations, I join that portion of the Court’s opinion concluding that Blakely error is not structural.
¶ 38 I join the balance of the Court’s opinion unreservedly. It is perhaps worth noting, however, that the fundamental error test for prejudice we adopt today — whether any reasonable jury could have disagreed about the presence of an aggravating factor, see supra ¶ 27 — is for practical purposes no different than the harmless error test adopted in Ring III. See Armstrong, 208 Ariz. at 362 ¶ 6, 93 P.3d at 1078 (“[Jjudicial fact-finding ... may constitute harmless error if we can conclude beyond a reasonable doubt that no reasonable jury would fail to find the aggravating circumstance.”) (citing Ring III, 204 *571 Ariz. at 555, 565 ¶¶ 53, 103, 65 P.3d at 936, 946).
¶ 39 The major conceptual difference is that under fundamental error analysis, the defendant bears the burden of proving prejudice, while under harmless error analysis, the burden is on the State.[6] In practice, however, because a reviewing appellate court will virtually never be in equipoise about the issue, the burden of proof is of little consequence. In both instances, the reviewing court’s analysis will be substantively identical — it must determine whether a reasonable jury could have concluded differently than the sentencing judge as to the relevant aggravating factor. As the Court convincingly demonstrates, a reasonable jury could have reached a different conclusion than the sentencing judge in the case before us, and Henderson has therefore demonstrated the prejudice required to establish fundamental error.

. As the Court correctly notes, see supra ¶ 13, there is a difference between Ring error and Blakely error. Ring error involves a deprivation only of Sixth Amendment rights; Blakely error violates both the Fifth and Sixth Amendments. See id. Nonetheless, given the holding in Ring III that the denial of a defendant’s right to a jury finding of aggravating factors can be harmless in a case in which a defendant is sentenced to death, it would beggar reason to arrive at a different conclusion when the consequence of the judge's factual finding is merely an additional term of years.

. An appellate court may find fundamental error even if the issue is not raised on appeal by a defendant See United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936) ("In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings.”); State v. Curry, 187 Ariz. 623, 626-27, 931 P.2d 1133, 1136-37 (App.1996) (citing Atkinson ); State v. Taylor, 187 Ariz. 567, 571-72, 931 P.2d 1077, 1081-82 (App.1996) (same). In such cases, it is somewhat misleading to speak of burden of proof. In cases where there is any doubt as to whether an error not addressed in the defendant’s brief is prejudicial, an appellate cotut raising the issue sua sponte should ask for supplemental briefing, thus allowing the defendant to discharge the burden the Court today identifies.