NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LEVI ALES, *Appellant*.

Nos. CR13-0658 and CR13-0808
Consolidated
FILED 09-23-2014

Appeal from the Superior Court in Maricopa County
Nos. CR2011-153545-001 and CR2012-141400-001
The Honorable Virginia L. Richter, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maurice Portley joined.

**G O U L D**, Judge:

**¶1**        Levi Shane Ales ("Defendant") appeals from his conviction and sentence for one count of misconduct involving weapons in case number CR2012-141400-001 and from the determination that he violated his probation and disposition in case number CR2011-153545-001.  The trial court sentenced Defendant to twelve years' incarceration in case CR2012-141400-001, and to a consecutive term of one-and-one-half years' incarceration for violating probation in case number CR2011-153545-001.

**¶2**        Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief in *propria persona*, and he has not done so.

**¶3**        Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2014).[1]

**¶4**        Finding no reversible error, we affirm.

## PROCEDURAL HISTORY

**¶5**        On July 30, 2012, Defendant was sentenced to a term of probation in Maricopa County Case No. CR2011-153545-001 (the "Probation Case").  Three days later, on August 2, 2012, Defendant was arrested in Maricopa County Case No. CR2012-141400-001 (the "New

---

[1]        Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

Case"). Defendant was charged in the New Case with one count of misconduct involving weapons and one count of possession or use of dangerous drugs. Based on the charges in the New Case, a petition to revoke Defendant's probation was filed in the Probation Case.

¶6 The trial court continued the violation hearing in the Probation Case while Defendant was awaiting trial in the New Case. The New Case eventually went to trial in August 2013.

¶7 At the close of the evidence in the New Case, the jury was initially unable to reach a verdict for the charge of misconduct involving weapons. The trial court gave the jury an impasse instruction and asked the jury to further deliberate. The jury then returned a verdict finding Defendant guilty.

¶8 Following the guilty verdict in the New Case, a jury determined Defendant had two historical prior felony convictions, one non-historical felony conviction, and was on probation for a felony conviction at the time of the offense.[2]

¶9 Based on Defendant's conviction in the New Case, the trial court determined that Defendant was in automatic violation of his probation in the Probation Case. Both the New Case and the Probation Case were set for sentencing and disposition in September 2013.

¶10 In the New Case, the trial court sentenced Defendant to twelve years' incarceration and awarded him 409 days of pre-sentence incarceration credit. In the Probation case, the trial court revoked Defendant's probation and sentenced him to one-and-one-half years' incarceration with credit for 258 days' time-served. The court ordered the sentence in the Probation Case to be served consecutively to the sentence in the New Case.

## DISCUSSION

¶11 We review the record for fundamental error. *Clark,* 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. We view the evidence in the light most favorable to sustaining the convictions and resulting sentences, and any reasonable inferences are resolved against the defendant. *State v. Guerra*, 161 Ariz. 289,

---

[2]     Prior to trial for the alleged prior felony convictions, the State moved to dismiss count two, possession or use of dangerous drugs, without prejudice.

293, 778 P.2d 1185, 1189 (1989); *State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981).

## I.     Conviction in New Case and Revocation in Probation Case

**¶12**      The evidence presented at trial in the New Case showed that on August 2, 2012, Mesa Police Department ("MPD") Detective C. received a tip that criminal activity was taking place inside a vehicle; the tip included a description of the vehicle, its occupants, and its location.  Detective C. and other police officers located the vehicle and followed it.  After watching the vehicle make several traffic violations, Detective C. stopped the vehicle at a gas station.

**¶13**      As Detective C. approached the vehicle, he observed a camping chair bag lying next to the "driver's left leg."  The driver, who was later identified as Defendant, provided his name and date of birth, but was unable to produce any form of identification.

**¶14**      During the course of the traffic stop, Detective C. learned that Defendant's license was suspended; as a result, he arrested Defendant. During a subsequent search of the vehicle, another officer removed the camping chair bag and discovered a loaded twelve-gauge shotgun ("the shotgun") inside.  Detective C. also found a tan bag containing eleven twelve-gauge shotgun shells and a black backpack containing a socket wrench, a folding knife, and a wallet with two of Defendant's state identification cards.

**¶15**      Detective C. transported Defendant to jail where he was Mirandized and questioned.  Defendant claimed that he recently purchased the vehicle, and that the camping bag was already inside the car when he purchased it.  However, Defendant could not remember from whom he purchased the car or how much he paid for the car.  Defendant also admitted to Detective C. that he was a prohibited possessor and currently on probation.

**¶16**      Accordingly, based on our review of the evidence presented at trial, we conclude there was sufficient evidence supporting the jury's guilty verdict as to the crime of misconduct involving weapons.

**¶17**      We also find no error in the trial court decision to read an impasse instruction to the jury.  Whether a jury is at an impasse is an important determination to be made by the trial court because prematurely giving an impasse instruction may also be a form of coercion.  *See State v. Huerstel*, 206 Ariz. 93, 99, ¶ 17, 101, ¶ 25, 75 P.3d 698, 704, 706 (2003)

(reversing on the basis of coercion, in part because the trial court erred in giving an impasse instruction before the jury indicated it had reached an impasse). Arizona Rule 22.4 of Criminal Procedure permits the trial court when advised by the jury that it has reached an impasse in its deliberations, "to inquire how it can assist the jury in its deliberations." *State v. Andriano*, 215 Ariz. 497, 509, ¶ 55, 161 P.3d 540, 552 (2007).

**¶18**        In this case, the jury notified the trial court the deliberations were at a deadlock, thus requiring an impasse instruction to further assist the jury in its deliberations. Neither party objected. The jury returned a verdict after the impasse instruction was given. We find no error.

## II.        Violation of Probation

**¶19**        The trial court also was correct in determining that Defendant violated his probation in the Probation Case. This determination was properly based on Defendant's conviction in the New Case. *See* Rule 27.8(e) Ariz. R. Crim. P. (providing for automatic violation of probation based on a determination of guilt in a new case); *State v. Taylor*, 187 Ariz. 567, 569, 931 P.2d 1077, 1079 (App. 1996).

## III.        Sentencing

**¶20**        The trial court did not impose a flat-time sentence in Defendant's New Case. Rather, the court ordered Defendant to serve a term of community supervision pursuant to A.R.S. § 13-603(I). Pursuant to A.R.S. § 13-708(C), a defendant sentenced for a felony while on probation for another felony must serve a flat-time sentence; he is not for eligible for release after serving eighty-five percent of a prison sentence. *See* A.R.S. § 41-1604.07(A).

**¶21**        Thus, pursuant to A.R.S. § 13-708(C), the court's failure to sentence Defendant to flat-time in the New Case constituted an illegally lenient sentence. "Courts have [the] power to impose sentences only as authorized by statutes and within the limits set down by the legislature." *State v. Rosario*, 195 Ariz. 264, 268, ¶ 27, 987 P.2d 226, 230 (App. 1999) (quoting *State v. Harris*, 133 Ariz. 30, 31, 648 P.2d 145, 146 (App. 1982)). However, because the State has not filed an appeal or a cross-appeal on this issue, we do not have jurisdiction to address it. *State v. Dawson*, 164 Ariz. 278, 286, 792 P.2d 741, 749 (1990).

**¶22**        Additionally, the trial court ordered Defendant's sentence in the Probation Case to be served consecutively to the sentence imposed in the New Case, and awarded Defendant credit for 258 days served prior to

sentencing. Again, this was error. Given the consecutive sentences imposed, Defendant could not receive credit for time served on both the Probation case and the New Case. *State v. Cuen*, 158 Ariz. 86, 87-88, 761 P.2d 160, 161-62 (App. 1988). Nonetheless, because the State has not filed an appeal or cross-appeal on this issue, we do not have jurisdiction to address it. *Dawson,* 164 Ariz. at 286, 792 P.2d at 749.

## CONCLUSION

**¶23** We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49, 2 P.3d at 100. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak.

**¶24** Accordingly, Defendant's convictions and sentences are affirmed. Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an in *propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh