NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID BALLESTEROS, *Appellant.*

No. 1 CA-CR 14-0781
FILED 2-18-2016

Appeal from the Superior Court in Maricopa County
No. CR2012-152482-001
The Honorable M. Scott McCoy, Judge

**CONVICTION AFFIRMED; REMANDED FOR RESENTENCING**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Chris DeRose
*Counsel for Appellee*

Janelle A.  McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

**K E S S L E R**, Judge:

**¶1**  Appellant David Ballesteros was convicted of armed robbery, a class 2 felony, and sentenced to twenty years imprisonment. Counsel for Ballesteros filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530 (App. 1999). Finding no arguable issues to raise, counsel requested that this Court search the record for fundamental error. Ballesteros submitted a supplemental brief in propria persona, raising the following issues: (1) sufficiency of the evidence, (2) ineffective assistance of counsel,[1] and (3) improper admission of evidence. In addition, pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988) and our order, the parties submitted supplemental briefs on whether the matter had to be remanded for resentencing pursuant to *State v. Trujillo*, 227 Ariz. 314, 318-19, ¶¶ 17-21 (App. 2011). For the reasons that follow, we affirm Ballesteros' conviction, but remand the matter to the superior court for resentencing.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**  Ballesteros was indicted for one count of armed robbery under Arizona Revised Statutes ("A.R.S.") sections 13-1902 (2010) and 13-1904(A) (2010), to which he pled not guilty. At trial, the State presented evidence consisting of the victim's testimony and the testimony of three Phoenix police officers.

**¶3**  The victim testified that as he was walking down the street headed back to his Phoenix home, a car pulled up and a man called him over. When he approached the car window, the man showed the victim a gun, cursed and threatened him, demanded that he relinquish his property, and took his phone, wallet, bag of tamales, and sped away. The man

---

[1] The Arizona Supreme Court has held "that a defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review." *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007). Accordingly, we do not address this claim.

threatened the victim, yelling "son of a bitch, give me what you've got and don't scream because I'll fuck you up right here," and warned the victim, "don't call the police, give me everything or you'll be sorry." The victim did not freely give the man his property, but rather was "nervous," and was "in shock" and he relinquished his property to the man. The victim testified that he reported what happened and gave police a physical description of the man. In addition, the victim identified Ballesteros in court, and testified he had previously identified Ballesteros in a photo lineup as well.[2]

¶4    The State presented testimony from three responding police officers who confirmed that the victim reported to 911 the above events, describing the assailant as a Hispanic male, wearing a white shirt and blue shorts, with tattoos on his arms, and driving a white vehicle. This description is consistent with what the victim told police as well. Upon request by the State, Ballesteros stood at counsel table and displayed his arms to the jury, showing tattoos on his arms.

¶5    One of the responding officers testified that at a nearby Circle K he observed a Hispanic male in a white vehicle who was wearing shorts and had a white shirt and had tattoos on his arms which the officer thought matched the description of the assailant. The officer then arrested the man, Ballesteros.

¶6    Ballesteros moved for a judgment of acquittal which the trial court denied, and the jury found him guilty of armed robbery. At the aggravation hearing, the jury found the presence of six aggravators including the use of a dangerous weapon. In addition, the court determined the existence of two prior felony convictions. Relying in part on

---

[2] Police testimony established that upon viewing the six black and white photos provided in the lineup, the victim identified Ballesteros' photo claiming, "That's the guy who robbed [me] at gunpoint," and "that's the guy who was in the car except he had longer hair on top," and "that's the guy who took my wallet." The victim signed and dated the photo he selected depicting Ballesteros.

the use of a dangerous weapon aggravating factor, the court sentenced Ballesteros to an aggravated sentence of twenty years' imprisonment.[3]

**¶7**          Ballesteros filed a timely appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21(A)(1) (2003), 13-4031 (2010), 13-4033(A)(1) (2010).

## STANDARD OF REVIEW

**¶8**          In an *Anders* appeal, this Court must review the entire record for fundamental error. *See State v. Banicki*, 188 Ariz. 114, 117 (App. 1997). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (quoting *State v. Hunter*, 142 Ariz. 88, 90 (1984)). To obtain a reversal, the defendant must also demonstrate that the error caused prejudice. *Id.* at ¶ 20.

## DISCUSSION

**¶9**          After careful review of the record, we find no meritorious grounds for reversal of Ballesteros' conviction. The record reflects Ballesteros had a fair trial and all proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Ballesteros was present and represented by counsel at all critical stages of trial, and was given the opportunity to speak at sentencing. However, as discussed below, we remand the matter to the superior court for resentencing.

**I.      There is sufficient evidence to support Ballesteros' conviction for armed robbery.**

**¶10**          In reviewing the sufficiency of evidence at trial, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative

---

[3] The State requested to "sentence the defendant as a Category 3 [repetitive] offender . . . not as a dangerous offender, and [to] . . . utilize dangerousness as an aggravating factor." We note that the trial court sentenced Ballesteros in accordance with the range for a category 3 offender (two historical priors) for a class 2 non-dangerous felony conviction. However, the trial court's minute entry and the order of confinement also state that the offense is a class 2 *dangerous* felony.

facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)).

¶11　　　　Armed robbery requires proof that "in the course of taking any property of another from his person or immediate presence and against his will, [the defendant] threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property," while armed with a deadly weapon, or using or threatening to use a deadly weapon. A.R.S. §§ 13-1902(A), 13-1904(A)(1), (2).

¶12　　　　Here the victim testified that after being summoned to Ballesteros' car, Ballesteros began yelling at him, cursing, and threatening him. Ballesteros had a gun and demanded that the victim hand over his property, which the victim did. The evidence is sufficient to support the conviction.

## II.　The photo lineup was not unduly suggestive or improper evidence.

¶13　　　　In his supplemental brief, Ballesteros argues the photo lineup was unduly suggestive, and thus, improper evidence at his trial.

¶14　　　　In accordance with the Due Process Clause of the Fourteenth Amendment, when police conduct pretrial identification procedures, they are required to do so "in a manner that is fundamentally fair and secures the suspect's right to a fair trial." *State v. Nottingham*, 231 Ariz. 21, 24, ¶ 5 (App. 2012) (internal quotation marks and citation omitted). "To determine whether a defendant has been denied due process of law because of a pretrial identification procedure, the trial court must first determine whether the pretrial identification procedure was unnecessarily suggestive." *State v. Dixon*, 153 Ariz. 151, 154 (1987). Subtle differences in photographs contained in a photo lineup are not "unduly suggestive," as photo lineups generally cannot be ideally created. *Id.* "The law only requires that [the photo lineups] depict individuals who basically resemble one another such that the suspect's photograph does not stand out." *Id.* (citing *State v. Alvarez*, 145 Ariz. 370, 373 (1985)); *see State v. Martinez*, 121 Ariz. 62, 64-65 (App. 1978).

¶15　　　　A *Dessureault* hearing was not conducted by the trial court in this case because Ballesteros never challenged the pretrial photo lineup identification. *See generally State v. Dessureault*, 104 Ariz. 380 (1969). Upon viewing the six black and white photos provided in the lineup, the victim readily identified Ballesteros. *See supra* n.2. All the photos in the lineup

depict people similar to one another with bald heads and facial hair, similar skin tone, eye color, and facial features. The lineup was not unduly suggestive of Ballesteros because Ballesteros' photo does not stand out. *See Dixon*, 153 Ariz. at 154.

¶16 In reviewing the pretrial identification procedure, and the photo lineup presented to the victim, we find no fundamental error.

## III. Resentencing is required.

¶17 At the aggravation hearing, the State presented evidence of Ballesteros' probation status at the time of the crime through the testimony of his probation officer. The jury found the following aggravating factors beyond a reasonable doubt: (1) the threatened use or possession of a gun, (2) the threatened infliction of a serious physical injury, (3) Ballesteros committed the offense for pecuniary gain, (4) physical, emotional, or financial harm to the victim, (5) Ballesteros left the scene of the crime, and (6) Ballesteros committed the crime while on probation. **[RA 87 1-2.]** *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

¶18 At sentencing, the trial court imposed an aggravated sentence relying in part on the aggravator found by the jury that the crime involved the use, threatened use, or possession of a deadly weapon. A.R.S. § 13-701(D)(2) (Supp. 2015). The use of a deadly weapon is also an element of the offense of armed robbery. *See supra* ¶ 11. However, a court may not impose an aggravated sentence based on the use of a deadly weapon if that is also "an essential element of the offense . . . ." *Id.* As we explained in *Trujillo*, 227 Ariz. at 318, ¶ 15, imposing an aggravated sentence based in part on consideration of a prohibited aggravating factor constitutes fundamental error. When that occurs, we will remand for resentencing "when we cannot be certain that [the trial court] would have imposed the same sentence absent that factor . . . ." *State v. Munninger*, 213 Ariz. 393, 396, ¶ 9 (App. 2006) (internal quotation marks and citation omitted). Moreover, we will find prejudice if, after a review of the record, appellant shows the court could have reasonably imposed a lighter sentence had it not improperly considered the prohibited factor, that is, if the record indicates that the improper factor influenced the sentencing decision. *Trujillo*, 227 Ariz. at 318-19, ¶¶ 16, 21. Here, the trial court balanced a number of aggravators against several mitigators to impose an aggravated sentence, noting that it was the totality of the aggravating factors weighed

against mitigating factors that led to the sentence imposed. On this record, we cannot be certain the superior court would have imposed the same sentence absent the prohibited aggravator and the appellant has shown prejudice. *Cf. Munninger*, 213 Ariz. at 397, ¶¶ 12, 14 (determining no fundamental error or prejudice when the judge expressly found that each of the aggravating factors alone would have outweighed the mitigating factors). Accordingly, we remand for resentencing without that aggravating factor.[4]

## CONCLUSION

**¶19** After careful review of the record, we affirm Ballesteros' conviction. However, for the reasons stated above, we remand this matter to the superior court for resentencing. Insofar as Ballesteros' conviction is concerned, defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Ballesteros shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review based upon our affirmance of his armed robbery conviction.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[4] On remand, the court should also reconsider its decision to label the offense as a dangerous crime given that the State requested the court not to sentence Ballesteros as a dangerous offender. *See supra* n.3.