100 P.3d 457

**The STATE of Arizona, Respondent,**

v.

**Kostia Ivan RESENDIS–FELIX, Petitioner.**

**No. 2 CA–CR 2003–0114–PR.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 10, 2004.

Supplemental Opinion Dec. 9, 2004.

Barbara LaWall, Pima County Attorney, By Elizabeth Hurley, Tucson, for Respondent.

Susan A. Kettlewell, Pima County Public Defender, By Frank P. Leto, Tucson, for Petitioner.

## OPINION

BRAMMER, J.

¶ 1 Interrupted while stealing the victim's pickup truck, petitioner Kostia Ivan Resendis–Felix and an accomplice assaulted the victim, injuring him severely. Resendis–Felix was charged with attempted first-degree murder and five other class three and class four felonies. He agreed to plead guilty to aggravated robbery, a class three, dangerous-nature felony. At sentencing, the trial court found several aggravating factors—the presence of an accomplice, the severity of the beating inflicted on the victim, the past and future impact of the crime on the victim and his family, and the danger Resendis–Felix posed to the community—and imposed an aggravated, 13.5–year sentence of imprisonment.

¶ 2 Resendis–Felix filed a petition for post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S., claiming the trial court had abused its discretion at sentencing by failing to find his age (eighteen), his immaturity, and his intoxication at the time of the offense to be mitigating factors and by imposing an aggravated sentence instead of the presumptive sentence of 7.5 years. The trial court denied relief, and Resendis–Felix petitioned this court for review.

¶ 3 In July 2004, with his petition for review still pending, Resendis–Felix filed a notice of supplemental authority and supplemental briefing, asking us to vacate his sentence and remand for resentencing consistent with *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Blakely* applies the principles announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to an "exceptional" prison sentence imposed under Washington's sentencing statutes and holds that a defendant is constitutionally entitled to have a jury determine beyond a reasonable doubt the existence of any fact used to increase the penalty for a crime beyond the maximum prescribed by statute.

¶ 4 In response to Resendis–Felix's supplemental citation, the state argues Resendis–Felix waived the claim by failing to raise it until now and urges us not to consider the *Blakely* issue. Resendis–Felix counters that he did not waive the claim because he could not have made a knowing waiver of his rights under *Blakely* before *Blakely* was decided; that, at the time of his sentencing, our prior decision in *State v. Brown,* 205 Ariz. 325, 70 P.3d 454 (App.2003), later vacated by our supreme court, 209 Ariz. 200, 99 P.3d 15 (2004), had ruled *Apprendi* inapplicable to aggravating circumstances under A.R.S. § 13–702(C), further excusing his failure to raise the claim below; and that he had moved seasonably to supplement his petition to raise the issue within two weeks after the Supreme Court issued the *Blakely* decision.[1]

¶ 5 Sentencing a defendant outside constitutional limits creates an illegal sentence, which can constitute fundamental error. *See State v. Thues,* 203 Ariz. 339, 54 P.3d 368 (App.2002). "In limited circumstances, we recognize that some issues may be so important that overriding considerations concerning the integrity of the system will excuse a party's failure to raise the issue in the trial court. This limited exception is known as the doctrine of 'fundamental error.'" *State v. White,* 194 Ariz. 344, ¶ 45, 982 P.2d 819, 829 (1999).

¶ 6 Based on the Supreme Court's holding and rationale, we believe *Blakely* error falls within that "limited exception" and, unless harmless, constitutes fundamental error. We will, therefore, in our discretion address Resendis–Felix's supplemental issue. *See State v. Taylor,* 187 Ariz. 567, 931 P.2d 1077 (App.1996) (appellate court has authority to reverse when it discovers fundamental error); *see also State v. Dewakuku,* 208 Ariz. 211, ¶ 7, 92 P.3d 437, 440 (App.2004) (considering application of *Apprendi* to finding of defendant's on-release status, even though defendant had not objected to court's making finding below, because "a sentence that is improperly imposed can be reversed on appeal despite the lack of an objection"); *State v. Johnson,* 183 Ariz. 358, 903 P.2d 1116 (App.1995) (fundamental error for trial court to make sentence-enhancement determination jury was required to make); *cf. Montgomery v. Sheldon,* 182 Ariz. 118, 119, 893 P.2d 1281, 1282 (1995) ("[A] Rule 32 proceeding is *the* appeal for a defendant pleading guilty."); *State v. Gross,* 201 Ariz. 41, 31 P.3d 815 (App.2001) (because *Apprendi* presents new rule of constitutional law, its holding will be applied to cases pending on direct review).

¶ 7 In *Apprendi,* the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

---

1. Our supreme court vacated our decision in *Brown* based in part on the state's post-*Blakely* concession that *Apprendi* is applicable to Arizona's noncapital sentencing scheme under § 13–702. It thus appears certain that *Blakely* applies equally to Arizona's general noncapital sentencing statutes.

In *Blakely,* the Court elaborated on the holding of *Apprendi,* stating that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" —— U.S. at ——, 124 S.Ct. at 2537, 159 L.Ed.2d at ——. Here, the maximum prison sentence authorized solely by Resendis–Felix's guilty plea was the presumptive term of 7.5 years. A.R.S. §§ 13–604(I) and 13–702(B) and (C). His aggravated 13.5–year sentence, therefore, was imposed in violation of *Apprendi* and *Blakely.*

■ ¶ 8 That conclusion, however, does not end our inquiry. Our supreme court has held that *Apprendi* error may be harmless. *See State v. Ring,* 204 Ariz. 534, 65 P.3d 915 (2003) ("*Ring III* "); *see also State v. Murdaugh,* 209 Ariz. 19, 97 P.3d 844 (2004) (finding *Apprendi* error harmless in capital sentencing following guilty plea to first-degree murder); *State v. Sepahi,* 206 Ariz. 321, 324 n. 3, 78 P.3d 732, 735 n. 3 (2003) ("any *Apprendi* error would be harmless"); *State v. Miranda–Cabrera,* 209 Ariz. 220, 99 P.3d 35 (App.2004). Error is harmless if we can say beyond a reasonable doubt that it did not affect the sentence. *State v. Cropper,* 206 Ariz. 153, 76 P.3d 424 (2003); *see also State v. Dann,* 205 Ariz. 557, ¶ 18, 74 P.3d 231, 239 (2003) (error is harmless "if the court's review of the entire trial record shows 'every fact necessary to establish every element of the offense beyond a reasonable doubt' "), *quoting Rose v. Clark,* 478 U.S. 570, 581, 106 S.Ct. 3101, 3107, 92 L.Ed.2d 460, 472 (1986) (internal quotation omitted in *Dann* ).

■ ¶ 9 We are unable to conclude the error is harmless in this case. Resendis–Felix did not admit any of the aggravating factors found by the court to exist here, and none of them is inherent in his admission that he had committed aggravated robbery. Moreover, most of the aggravating circumstances found by the trial court are inherently subjective, and one—danger to the community—is not among the aggravating factors expressly set forth in § 13–702(C). The trial court can only have found this circumstance under the catch-all provision, § 13–702(C)(20), "[a]ny other factor that the court deems appropriate to the ends of justice." It is uncertain whether a jury would even have considered this non-enumerated factor, much less found it established beyond a reasonable doubt. Indeed, the trial court's aggravating-circumstance findings could have been based merely on "reasonable evidence in the record," *State v. Meador,* 132 Ariz. 343, 347, 645 P.2d 1257, 1261 (App.1982); *State v. Viramontes,* 204 Ariz. 360, 64 P.3d 188 (2003), and not satisfied the higher, beyond-a-reasonable-doubt standard *Blakely* and *Apprendi* mandate for jury findings.

¶ 10 The concurring opinion concludes that *Blakely* error is actually structural error and thus not subject to harmless-error analysis. Although we agree with much of the analysis in the concurrence, we feel constrained by our supreme court's language in paragraphs fifty-one through fifty-three of *Ring III* holding to the contrary. The court cited federal cases holding that not just *Ring* error in the capital context, but *Apprendi* error in the noncapital context, can be subject to harmless error analysis. *See e.g., United States v. Dumes,* 313 F.3d 372 (7th Cir.2002); *United States v. Matthews,* 312 F.3d 652 (5th Cir. 2002); *United States v. Sanders,* 247 F.3d 139 (4th Cir.2001); *accord United States v. Sanchez–Cervantes,* 282 F.3d 664 (9th Cir. 2002); *United States v. White,* 240 F.3d 127 (2d Cir.2001). *United States v. Candelario,* 240 F.3d 1300 (11th Cir.2001); *United States v. Terry,* 240 F.3d 65 (1st Cir.2001); *United States v. Nance,* 236 F.3d 820 (7th Cir.2000); *United States v. Lewis,* 235 F.3d 215 (4th Cir.2000); *United States v. Meshack,* 225 F.3d 556 (5th Cir.2000); *Miranda–Cabrera.*

¶ 11 Because we cannot conclude beyond a reasonable doubt that the *Blakely* error did not contribute to or affect the sentencing outcome here, we will not consider it harmless. *Cropper.* Accordingly, we grant the petition for review and grant relief although on grounds different than those presented in the petition. We vacate Resendis–Felix's sentence and remand the case for resentencing pursuant to *Blakely.*

HOWARD, P.J., concurring.

ECKERSTROM, Judge, specially concurring.

¶ 12 Although I concur with the result, I write separately because I disagree with the

majority's conclusion that our supreme court's opinion in *Ring III* requires us to conclude that *Blakely* error is subject to harmless error analysis. As the court observed in *Ring III*, most trial errors that we encounter on appeal, even those that involve violations of federal constitutional rights, are subject to harmless error analysis. *Id.* ¶ 45, 65 P.3d 915. However, the United States Supreme Court has found harmless error analysis inappropriate when the error is a "structural defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante,* 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302, 331 (1991). Specifically, it has determined error to be structural when it deprives the defendant of a basic protection without which " 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair.' " *Id.* (citation omitted), *quoting Rose v. Clark,* 478 U.S. 570, 577–78, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460, 470 (1986).

¶ 13 Accordingly, we can only determine whether harmless error analysis is appropriate after we have assessed the nature of the underlying constitutional deprivation and the extent to which it affects the basic framework within which a trial proceeds in our criminal justice system. Although our supreme court's opinion in *Ring III* addressed the same *species* of error that we address here in the *Blakely* context,[2] the nature of the resulting constitutional deprivation and its impact on the fundamental framework of our system of justice is significantly different, given the context of our state noncapital sentencing scheme.[3]

¶ 14 In *Ring v. Arizona,* 536 U.S. 584, 608–09, 122 S.Ct. 2428, 2442–43, 153 L.Ed.2d 556, 576–77 (2002) ("*Ring II*"), the United States Supreme Court held that Arizona's capital sentencing scheme violated the Sixth Amendment right to jury trial because it allowed a judge rather than a jury to determine whether statutory aggravating factors had been proven. But, apart from the difference in the identity of the fact-finder, Arizona capital defendants sentenced under the pre-*Ring* scheme had enjoyed each of the other structural protections inherent in the right to jury trial: the right to notice of the allegations to be asserted at the aggravation hearing, *see* former Rule 15.1(g), Ariz. R.Crim. P., 16A A.R.S., 167 Ariz. LXXV (1991); the right to have evidence presented in conformity with trial standards of admissibility and, therefore, to challenge that evidence by cross-examination,[4] *see* former A.R.S. § 13–703(C), 2001 Ariz. Sess. Laws, ch. 260, § 1 ("admissibility of information relevant to any of the aggravating circumstances ... shall be governed by the rules of evidence at criminal trials"); and, most importantly, the right to be presumed innocent of the aggravating factor unless it is proven beyond a reasonable doubt. *State v. Kayer,* 194 Ariz. 423, ¶ 28, 984 P.2d 31, 41 (1999). In finding that *Ring* error was subject to harmless error review, our supreme court emphasized that Arizona's preexisting capital sentencing scheme had provided important procedural protections inherent in the right to jury trial, including "the correct standard of proof." *Ring III,* 204 Ariz. 534, ¶ 50, 65 P.3d at 935.

¶ 15 In contrast, the error we address here, the judicial imposition of a *non-capital* sentence greater than that authorized by the

---

**2.** Both *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) ("*Ring II*"), and *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), have been cited by the Supreme Court as applications of the rule of constitutional jurisprudence set forth in *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455, which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

**3.** We have recently found that Arizona's preexisting procedure for determining a noncapital, first-degree murder sentence does not violate the principles set forth in *Blakely* because the jury verdict itself authorizes the highest sentence available for that offense. *State v. Sanders,* 209 Ariz. 77, ¶ 29, 97 P.3d 902, 911 (App.2004). Un-

der all other circumstances, Arizona law requires additional findings beyond the jury verdict before an aggravated sentence may be imposed in a noncapital case. A.R.S. § 13–702(B). *See State v. Brown,* 99 P.3d 15 (Ariz.2004) (holding that, for *Apprendi* purposes, the statutory maximum sentence authorized by a defendant's guilty plea is the presumptive sentence, not the super-aggravated sentence that can be imposed only in the presence of at least two aggravating factors).

**4.** Inherent in the right to have evidence presented in conformity with the rules of evidence is the opportunity, under most circumstances, to challenge that evidence by means of cross-examination. *See State v. McVay,* 127 Ariz. 450, 452, 622 P.2d 9, 11 (1980) ("Hearsay is generally inadmissible ... because the defendant has no opportunity to cross-examine the person making the statement.").

jury verdict ("*Blakely* error"), occurred against a significantly different statutory framework. Under that framework, Resendis–Felix had no right to presentence notice of the aggravating factors that the state would assert or the trial court might find. *See* Ariz. R.Crim. P. 26, 17 A.R.S. (giving defendant right to review presentence report but not limiting either court or prosecutor to potential aggravating factors identified therein); *see also State v. Marquez*, 127 Ariz. 3, 6, 617 P.2d 787, 790 (App.1980) (rejecting argument that trial judge was limited to finding aggravating factors that had been previously alleged by prosecutor).[5] He had no right to insist that the state present proof of those aggravating factors in conformity with the rules of evidence and, therefore, no right to challenge that information through cross-examination. *See State v. Conn*, 137 Ariz. 148, 149, 669 P.2d 581, 582 (1983) ("The rules governing the admissibility of evidence at trial do not apply at a hearing in aggravation."). And, most importantly, Resendis–Felix did not enjoy the right to insist that the aggravating factors be proven beyond a reasonable doubt. *See Viramontes*, 204 Ariz. 360, ¶ 14, 64 P.3d at 190. To the contrary, the noncapital scheme does not even require the trial court to find the existence of aggravating factors by a preponderance of the evidence. *See id.* ("In non-capital cases, aggravators need only be supported by reasonable evidence.").

¶ 16 Thus, while *Ring* error and *Blakely* error arise from the same essential flaw—the failure to afford a defendant a jury trial on facts that are necessary predicates to an increased sentence—*Blakely* error far more dramatically insults the core structures under which a trial proceeds and without which a trial could not "reliably serve its function as a vehicle for determination of guilt or innocence." *Rose*, 478 U.S. at 577–78, 106 S.Ct. at 3106, 92 L.Ed.2d at 470. If the defendant's right to notice, to challenge adverse evidence through cross-examination, and to be presumed innocent unless proven guilty beyond a reasonable doubt are not three of the core structures by which a criminal trial assures a reliable result, I cannot fathom what those structures might be.

¶ 17 Indeed, the United States Supreme Court has found structural error when faced with a comparatively mild insult to the framework of the criminal trial process. In *Sullivan v. Louisiana*, 508 U.S. 275, 278, 281–82, 113 S.Ct. 2078, 2081, 2083, 124 L.Ed.2d 182, 190–91 (1993), it found structural error when the trial court erroneously instructed the jury so as to allow a conviction on the mere probability of guilt rather than upon proof beyond reasonable doubt. Here, Resendis–Felix was not only deprived of an accurate reasonable doubt instruction, but the trial court may well have found him guilty of four aggravating factors based only on "reasonable evidence," a standard which imposes no *burden* of proof at all. *See Jackson v. Virginia*, 443 U.S. 307, 320 n. 14, 99 S.Ct. 2781, 2790 n. 14, 61 L.Ed.2d 560, 574 n. 14 (1979) (failure to instruct jury on necessity of proof beyond a reasonable doubt "can never be harmless error").

¶ 18 In short, Resendis–Felix was entitled to a jury trial to determine whether the aggravating factors that were a necessary predicate to his aggravated sentence were proven. The trial court, in finding those factors under Arizona's sentencing scheme, fell short of that requirement in a fashion that offended the core structures under which such a jury trial would function as a reliable fact-finding process. In my view, the trial court therefore committed structural error.

¶ 19 The United States Supreme Court's opinion in *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), compels no different analysis. There, the Court found that a trial court's failure to instruct the jury on the materiality element of tax fraud was subject to harmless error analysis. *Id.* at 15, 119 S.Ct. at 1837, 144 L.Ed.2d at 53. Although *Blakely* error could be similarly described as the omission of an element necessary to impose an aggravated sentence and would, as such, arguably be subject to harmless error analysis under *Neder*, the *Neder* opinion itself does not encourage such a mechanical application of its holding.

¶ 20 First, the opinion reaffirms the standard set forth in *Rose*, which focuses struc-

**5.** Section 13–702.01, A.R.S., requires a trial court to inform the defendant in advance if it intends to impose an "exceptional" aggravated term and prohibits the imposition of such a term unless the trial court finds two "substantial aggravating factors." That provision, however, does not require that the trial court give the defendant notice as to which aggravating factors it considered relevant in forming its intent to impose the "exceptional" aggravated term.

tural error analysis on the specific features of the actual constitutional deprivation in the context of the reliability function of a jury trial. *Neder*, 527 U.S. at 8–9, 17 n. 2, 119 S.Ct. at 1833, 1838 n. 2, 144 L.Ed.2d at 46–47, 52 n. 2. As demonstrated above, that analysis can expose dramatically different insults to the structure of a jury trial even when the error arises from identical constitutional deprivations. Thus, the failure to provide a jury trial on an element of an offense can, under some circumstances, cause no significant disruption to the core structures of a jury trial (*Ring* error) while, under other circumstances, it can fundamentally undermine the purposes of the jury trial guarantee altogether (*Blakely* error).

¶ 21 Second, the majority in *Neder* repeatedly suggests that it might have reached a different result if the omission in the case before it had more substantially undermined the structures designed to promote the reliability of a trial result. Initially, it observed that the omission of an element does not "necessarily" satisfy the *Rose* criteria for structural error. *Neder*, 527 U.S. at 9, 119 S.Ct. at 1833, 144 L.Ed.2d at 47 ("[A]n instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence."). Obviously, such reasoning does not preclude a finding of structural error when the omission has a comparatively more dramatic procedural impact. Moreover, in describing why "the omission of an element" would not "*always* render a trial unfair," the majority emphasized the limited impact of the procedural deprivation in that specific case. *Id.* at 9, 119 S.Ct. at 1834, 144 L.Ed.2d at 47 ("Neder was tried before an impartial judge, under the correct standard of proof ....").[6] Finally, in rebutting Justice Scalia's critique that the court's logic would allow a trial court to direct a verdict against a defendant in a criminal case, an event characterized as structural error in *Rose*, the majority expressly limited its ruling allowing harmless error review to "the *narrow* class of cases like the present one." *Id.*, 527 U.S. at 17 n. 2, 119 S.Ct. at 1838 n. 2, 144 L.Ed.2d at 52 n. 2 (emphasis added).

¶ 22 Under the *Rose* analysis approved by the Court in *Neder*, the error in this case simply does not fall into the "narrow class of cases" addressed by *Neder*. *Id.* As discussed, Resendis–Felix did not receive the benefit of the reasonable doubt standard or the evidentiary and testimonial structure of a trial to challenge the aggravating factors the trial court ultimately found. And, unlike the circumstances in *Neder* and *Ring*, Resendis–Felix did not receive any formal notice of those aggravating factors the prosecution would seek to prove.[7] *But see United States v. Cotton*, 535 U.S. 625, 632–34, 122 S.Ct. 1781, 1785–87, 152 L.Ed.2d 860, 868–70 (2002) (standing alone, failure to include *Apprendi* element in indictment not plain error).

¶ 23 *Neder* may be readily distinguished in one other respect as well. Resendis–Felix was not merely deprived of a jury trial on one element of an allegation that was otherwise proven to the jury as to all its other elements (the scenario in *Neder*). Rather, he was deprived of a jury trial as to each of the four aggravating factors found—as well as all of the potential subparts of each aggravating factor. In short, Resendis–Felix lost his right to a jury trial not merely as to one uncontested component of an offense otherwise proven in all other respects, but rather, as to the *totality* of the grounds for aggravating his sentence beyond the presumptive sentence. For this reason, a finding of structural error here would not require a new trial focusing primarily on already "contested issues on which the jury was properly instructed" during the first trial. *Neder*, 527 U.S. at 15, 119 S.Ct. at 1837, 144 L.Ed.2d at 51. Rather, any such trial would focus exclusively on contesting issues that Resendis–Felix never had an opportunity to litigate in a trial forum.

¶ 24 As correctly noted in the majority opinion, our supreme court's opinion in *Ring III* contains wording and cites cases that could be read to suggest that all forms of *Apprendi* error should be subject to harmless error analysis. *See Ring III*, 204 Ariz. 534, ¶ 51, 65 P.3d at 935. But, in *Ring III*, the court was not confronted with, and did

---

6. Although provided an opportunity in a trial forum to contest materiality—albeit to the trial court—Neder did not. *Neder*, 527 U.S. at 15, 119 S.Ct. at 1836, 144 L.Ed.2d at 52 (1999).

7. In *Neder*, the element of materiality that was omitted from the jury's determination was included among the formal charges in the indictment. *Id.* at 6, 119 S.Ct. at 1832, 144 L.Ed.2d at 45.

not address, the pivotal question arising here: whether *Blakely* error and *Ring* error must be analyzed differently when they carry dramatically different impacts on the core structures of a jury trial. In my view, the relevant standard the United States Supreme Court set forth in *Rose*, 478 U.S. at 577–78, 106 S.Ct. at 3105–06, 92 L.Ed.2d at 470–71, which focuses on the nature of the deprivation rather than on the species of constitutional error, readily answers that question.

¶ 25 Because the Arizona Supreme Court's opinion in *Ring III* does not compel the conclusion that *Blakely* error is subject to harmless error analysis, and because I believe such error, when committed in the context of Arizona's general noncapital sentencing scheme, is structural, I respectfully disagree with the conclusion that a harmless error analysis is appropriate in this case. But I concur in the ultimate result—vacating Resendis–Felix's sentence and remanding the case for resentencing.

## SUPPLEMENTAL OPINION

## ON MOTION FOR RECONSIDERATION

## MOTION DENIED

¶ 1 The state has moved for reconsideration, arguing that no *Blakely*[8] error occurred in this case. It correctly points out that, by pleading guilty to aggravated robbery, Resendis-Felix had, in fact, admitted one statutory aggravating factor, the presence of an accomplice. See A.R.S. §§ 13–702(C)(4), 13-1903(A) (presence of "one or more accomplices" is element of offense of aggravated robbery).[9] That fact, however, does not alter our analysis of the other factors the trial court used to aggravate Resendis-Felix's sentence.

¶ 2 The state further contends that no *Blakely* error occurred at all because once Resendis-Felix had admitted the existence of a single aggravating factor, he became eligible to receive an aggravated sentence and the trial court could, in turn, consider as many additional aggravating factors as it deemed appropriate. Division One of this court has recently so held in *State v. Martinez*, 209 Ariz. 280, ¶ 16, 100 P.3d 30 (App. 2004) (establishment of any one aggravating factor expands both sentencing range and scope of trial court's sentencing discretion; "[w]hen one aggravating factor is authorized by the jury, *Blakely* is satisfied"); see also *State v. Henderson*, 209 Ariz. 300, 100 P.3d 911 (App.2004); *State ex rel. Smith v. Conn.*, 209 Ariz. 195, 98 P.3d 881 (App.2004).

¶ 3 The state did not advance this latter argument in its response to Resendis-Felix's supplemental memorandum of authority, but instead presents it for the first time in its motion for reconsideration. Even if we were inclined to follow *Martinez*, despite its apparent conflict with paragraphs eighty-seven through ninety of *State v. Ring*, 204 Ariz. 534, 65 P.3d 915 (2003), we will not address an issue untimely first asserted in a motion for reconsideration.[10] *State v. McCall*, 139 Ariz. 147, 677 P.3d 920 (1983).

¶ 4 The motion for reconsideration is denied.

CONCURRING: JOSEPH W. HOWARD, Presiding Judge and PETER J. ECKERSTROM, Judge.

---

**8.** *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

**9.** We erroneously stated in ¶ 9 of our opinion that Resendis-Felix has admitted no aggravating factors, when he had, ideed, admitted the presence of an accomplice.

**10.** With the parties' consent, the attorney general has recently filed an amicus curiae brief in support of the state's motion for reconsideration, citing Rule 31.25(A), Ariz. R. Crim. P., 17 A.R.S. To the extent that Rule 31.25 permits the filing of an amicus curiae brief at all in post-conviction proceedings under Rule 32, Ariz. R. Crim. P., 17 A.R.S., it does not expressly provide for such a filing in support of a motion for reconsideration. Even assuming the amicus brief was properly filed, to the extent that it raises any issues not already presented by the parties or addressed by the court, we would not address them when raised for the first time in a motion for reconsideration. *State v. McCall*, 139 Ariz. 147, 677 P.2d 920 (1983). Finally, the attorney general and the county attorney both represent the State of Arizona, and the attorney general's amicus brief advocates the same positions already argued by the state, rather than "provid[ing] a broader, more abstract presentation of law that is not narrowly tied to the facts of the case." Ariz. R. Crim. P. 31.25 cmt (1998). By seeking only to restate or expand on arguments already made by the state instead of to offer "background and context for the Court's decision," *id.*, the attorney general's brief does not constitute a true amicus curiae brief.