OPINION

HOWARD, Presiding Judge.
¶ 1 After a jury trial, appellant Andrew Burdick was convicted of four counts of disorderly conduct. The trial court sentenced him to four aggravated, 1.5-year prison terms, three of which were to be served consecutively. On appeal, he contends he committed only one act of disorderly conduct and, therefore, the consecutive sentences violate A.R.S. § 13-116 and the Double Jeopardy Clauses of the Arizona and United States Constitutions. Burdick further contends the trial court erred by imposing aggravated sentences without having a jury determine the aggravating factors. We affirm Burdick’s convictions, but vacate his aggravated sentences and remand the case for further proceedings.
FACTS
¶ 2 In April 2003, Burdick approached three people standing outside a duplex apartment. He was asked to leave and became angry at the request. Staggering, he removed a gun from his pocket and waved it in the direction of the group. After the three individuals went inside the apartment, Bur-dick began banging on and shaking the door. A police officer arrived and arrested Burdick. The officer found a revolver in his front pocket.
*444 ¶ 3 Burdick was tried on three counts of aggravated assault with a deadly weapon or dangerous instrument, one count for each victim, and on one count of aggravated assault on an incapacitated victim because one of the victims was confined to a wheelchair. The trial court instructed the jury that disorderly conduct by recklessly handling, displaying, or discharging a deadly weapon or dangerous instrument is a lesser-included offense of aggravated assault. Burdick was acquitted on all four aggravated assault charges, but found guilty of four counts of disorderly conduct.
DISORDERLY CONDUCT
¶ 4 Burdick first argues that the unit of prosecution for disorderly conduct is the conduct, not the victims, and that the trial court violated § 13-116 and double jeopardy principles by sentencing him to consecutive prison terms. Because he failed to raise the claim below, he has waived it, absent fundamental error. See State v. Miranda, 200 Ariz. 67, ¶ 1, 22 P.3d 506, 507 (2001). But, as he points out, a sentence that violates the Double Jeopardy Clause constitutes fundamental error. State v. Millanes, 180 Ariz. 418, 421, 885 P.2d 106, 109 (App.1994). We review this issue of law de novo. State v. Powers, 200 Ariz. 123, ¶ 5, 23 P.3d 668, 670 (App.2001). Whether a defendant can be punished for each victim of the crime of disorderly conduct is an issue of legislative intent. State v. Siddle, 202 Ariz. 512, ¶ 9, 47 P.3d 1150, 1154 (App.2002).
¶ 5 The Double Jeopardy Clauses of the Arizona and United States Constitutions provide the same basic protection and prohibit “multiple punishments for the same offense.” Id. ¶¶ 7-8. In determining what is the “same offense,” Arizona courts look at the result of the criminal act rather than the act itself. State v. Gunter, 132 Ariz. 64, 69, 643 P.2d 1034, 1039 (App.1982). In Gunter, the court determined that “[w]here crimes against persons are involved we believe a separate interest of society has been invaded with each victim and that, therefore, where two persons are assaulted, there are two separate offenses.” Id. at 70, 643 P.2d at 1040. The court affirmed the imposition of two consecutive terms of imprisonment for the single act of throwing acid because the act had injured two victims. Id.; see also State v. Henley, 141 Ariz. 465, 467-68, 687 P.2d 1220, 1222-23 (1984) (no error in imposing consecutive sentences for two counts of aggravated assault when bullet passed through first victim and struck second); State v. Riley, 196 Ariz. 40, ¶ 21, 992 P.2d 1135, 1142 (App.1999) (consecutive sentences allowed for multiple crimes committed against multiple victims); State v. White, 160 Ariz. 377, 379-80, 773 P.2d 482, 484-85 (App.1989) (consecutive sentences upheld for single act causing separate criminal result to four victims); State v. Devine, 150 Ariz. 507, 510, 724 P.2d 593, 596 (App.1986) (no error in imposing consecutive sentences for separate offenses committed against multiple victims on same occasion).
¶ 6 Burdick was convicted of disorderly conduct, a lesser-included offense of aggravated assault. Section 13-2904(A), A.R.S., defines the offense as follows:
A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:
6. Recklessly handles, displays or discharges a deadly weapon or dangerous instrument.
¶ 7 Arizona courts have recognized that, depending on the type of victim, the state must satisfy differently its burden of proof under § 13-2904. First, when a defendant is charged with disorderly conduct for disturbing the peace of a particular person, the state is required to prove that the defendant knowingly disturbed the victim’s peace, In re Julio L., 197 Ariz. 1, ¶ 8, 3 P.3d 383, 385 (2000), or that the defendant intended to do so.[1] Miranda, 200 Ariz. 67, ¶ 5, 22 P.3d *445 at 508. Second, if the defendant is charged with disorderly conduct for disturbing the peace of a neighborhood, the defendant’s conduct may be measured against an objective standard, and the state need not prove that any particular person was disturbed. Julio L., 197 Ariz. 1, ¶ 8, 3 P.3d at 385; State v. Johnson, 112 Ariz. 383, 385, 542 P.2d 808, 810 (1975).[2]
¶ 8 Furthermore, in Miranda, our supreme court held that a person cannot place a victim in reasonable apprehension of imminent physical injury without also disturbing the victim’s peace. 200 Ariz. 67, ¶ 3, 22 P.3d at 507. It held that disorderly conduct against a person by recklessly handling a firearm is a lesser-included offense of aggravated assault with a deadly weapon. Id. ¶ 5. The distinguishing element is the intent to place the victim in reasonable apprehension of imminent physical injury. Id. ¶ 3.
¶ 9 Burdick could have received consecutive prison sentences if he had been found guilty of the greater crime of aggravated assault. See Henley, 141 Ariz. at 467-68, 687 P.2d at 1222-23; Riley, 196 Ariz. 40, ¶ 21, 992 P.2d at 1142; Gunter, 132 Ariz. at 70, 643 P.2d at 1040. Nothing in the distinguishing element, the intent to place the victim in reasonable apprehension of imminent physical injury, Miranda, 200 Ariz. 67, ¶ 3, 22 P.3d at 507, or logic or common sense, reflects a legislative intent that the defendant be subject to multiple punishments for the greater crime, but not for the lesser. Accordingly, we hold that a defendant is subject to multiple punishments for a single act[3] of disorderly conduct by recklessly handling, displaying, or discharging a firearm committed against multiple persons. Therefore, Burdick’s consecutive sentences do not violate the Double Jeopardy Clauses of the United States or Arizona Constitutions.[4]
BLAKELY ERROR
¶ 10 Burdick next argues the trial court abused its discretion by imposing aggravated sentences without having the jury determine the aggravating factors, relying on Blakely v. Washington, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The trial court found Burdick’s criminal history “with multiple incarcerations and probation,” a history of unsuccessful rehabilitation attempts, and drug and alcohol addiction as aggravating factors, and his mental and physical health as mitigating factors. It then determined that the aggravating factors outweighed the mitigating factors and sentenced Burdick to aggravated terms.
¶ 11 In Blakely, the Supreme Court held that a judge may not impose a sentence beyond that authorized solely by a jury verdict or a defendant’s guilty plea unless it is based on facts either admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt. Blakely applies to Arizona’s noncapital sentencing statutes. State v. Brown, 209 Ariz. 200, ¶ 12, 99 P.3d 15, 18 (2004); see also State v. Resendis-Felix, 209 Ariz. 292, ¶ 7, 100 P.3d 457, 459-60 (App.2004), supp. op., 100 P.3d at 464.
¶ 12 The state counters that Bur-dick waived this issue by failing to raise it in the trial court. But sentencing a defendant outside constitutional limits creates an illegal sentence, which can constitute fundamental error. See State v. Thues, 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (App.2002). We may in our discretion address fundamental error when we find it, see State v. Taylor, 187 Ariz. 567, 571-72, 931 P.2d 1077, 1081-82 (App.1996), as we have recently done in Resendis-Felix, 209 Ariz. 292, ¶ 6, 100 P.3d at 459, under circumstances similar to those presented here. See *446 also State v. Henderson, 209 Ariz. 300, 100 P.3d 911 (App.2004). Accordingly we address the issue. We review this issue of law de novo. State v. Alvarez, 205 Ariz. 110, ¶ 6, 67 P.3d 706, 708 (App.2003).
¶ 13 The state contends the presence of one -Blakely-compliant aggravating factor allows a trial court to impose an aggravated sentence and find remaining aggravating factors without violating the defendant’s Sixth Amendment right. See generally State v. Martinez, 209 Ariz. 280, 100 P.3d 30 (App.2004); State ex rel. Smith v. Conn, 209 Ariz. 195, 98 P.3d 881 (App.2004). This court has recently rejected this very argument. State v. Timmons, 209 Ariz. 403, 103 P.3d 315 (Ct.App.2005). Furthermore, there were no Blakely-compliant aggravating factors in this case. A Blakely-compliant factor could consist of prior convictions, facts admitted by a defendant, and factors submitted to a jury and proved beyond a reasonable doubt. Blakely, — U.S. at —, 124 S.Ct. at 2536; see also Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2364-65, 147 L.Ed.2d 435, 455 (2000).
¶ 14 The state contends the trial court cited Burdick’s “multiple misdemeanor and felony convictions” as an aggravating factor. But the court did not use Burdick’s prior convictions in and of themselves as an aggravating factor. The court stated:
Those aggravating factors include the defendant’s criminal history and attempts to provide him with guidance and rehabilitation extending back through his very early teen years. His criminal history documents a long struggle with drugs and alcohol, and so far, that struggle has not succeeded in overcoming those problems.
The court noted Burdick’s multiple convictions had resulted in probation, incarceration in jail, and parolé, but “[n]one of those things worked in rehabilitating the defendant or enabling him to overcome his problem.” Thus, the aggravating factor was the pattern of conduct extending beyond the convictions and the failure of previous rehabilitation attempts to deter Burdick from committing crimes, not the convictions themselves. Accordingly, there were no Blakely-compliant aggravating factors that were not required to be submitted to a jury and proved beyond a reasonable doubt.
¶ 15 This does not end our inquiry because Blakely error is subject to harmless error analysis. Resendis-Felix, 209 Ariz. 292, ¶ 6, 100 P.3d at 459; see also State v. Ring, 204 Ariz. 534, ¶ 44, 65 P.3d 915, 933 (2003); Henderson, 209 Ariz. 300, 100 P.3d 911; Martinez, 209 Ariz. 280, 100 P.3d 30. Blakely error is harmless only if it is clear beyond a reasonable doubt that it did not affect the sentence. State v. Cropper, 206 Ariz. 153, ¶ 7, 76 P.3d 424, 426 (2003). If a jury could have weighed the evidence or assessed the witnesses’ credibility differently from the sentencing judge, we will not consider the judge’s finding of an aggravating factor harmless. See State v. Rutledge, 206 Ariz. 172, ¶¶ 12-14, 76 P.3d 443, 446 (2003); State v. Hoskins, 204 Ariz. 572, ¶ 7, 65 P.3d 953, 955 (2003). If reasonable doubt exists that the error affected the outcome, then the error is prejudicial, and the case must be remanded for a new sentencing hearing. See generally State v. Sansing, 206 Ariz. 232, 77 P.3d 30 (2003).
¶ 16 We cannot conclude the trial court’s error was harmless. Burdick received aggravated, 1.5-year terms because the court found three aggravating factors. All three factors were inherently subjective in nature and could have been viewed differently by a jury required to find factors beyond a reasonable doubt. See Resendis-Felix, 209 Ariz. 292, ¶ 9, 100 P.3d at 460. Because we cannot conclude beyond a reasonable doubt that the Blakely error did not contribute to the sentencing outcome, we cannot deem it harmless. See Cropper, 206 Ariz. 153, ¶ 7, 76 P.3d at 426.
¶ 17 We affirm Burdick’s convictions, vacate his sentences, and remand the case for resentencing.
BRAMMER, J., concurring.

. Burdick notes that Julio L., 191 Ariz. 1, ¶ 8, 3 P.3d at 385, stated that a person’s peace must actually be disturbed, while State v. Miranda, 200 Ariz. 67, ¶ 5, 22 P.3d 506, 508 (2001), pointed out that A.R.S. § 13-2904 actually requires that the defendant act with either the intent to disturb the peace of a person or knowledge of doing so. This point was not crucial to the issue under *445 consideration in either case and, in any event, does not support Burdick’s argument that he can only be guilty of one offense.

. Neither Julio L. nor Miranda involved disturbing the peace of a family.

. As the state points out, the jury could also have concluded that Burdick had committed more than one act of disorderly conduct.

. Burdick also argues his consecutive sentences violate A.R.S. § 13-116. Because he failed to develop this argument as required by Rule 31.13(c)(1)(vi), Ariz. R.Crim. P., 17 A.R.S., he has waived the issue. See State v. Sanchez, 200 Ariz. 163, ¶ 8, 24 P.3d 610, 613 (App.2001). Furthermore, we note that § 13-116 "does not apply to sentences imposed for a single act that harms multiple victims.” State v. Riley, 196 Ariz. 40, ¶ 21, 992 P.2d 1135, 1142 (App.1999).