

FILED BY CLERK

APR 29 2005

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2003-0238 |
| Appellee, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| MATTHEW ERICH MANZANEDO, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CR200201240

Honorable Stephen F. McCarville, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Alan L. Amann                           Tucson
                                                    Attorneys for Appellee


Harriette P. Levitt                                              Tucson
                                               Attorney for Appellant

F L Ó R E Z, Presiding Judge.

¶1        After a jury trial, Matthew Manzanedo was convicted of assault with intent to incite a riot or participation in a riot and criminal damage. The convictions stemmed from a prison riot at the Pinal County Detention Center in which two officers were assaulted and the prison sustained over $23,000 in damage.[1] The trial court sentenced Manzanedo to concurrent, enhanced, aggravated prison terms of ten and twenty-two years. We affirm his convictions and sentences.

¶2        On appeal, Manzanedo argues that there was insufficient evidence to sustain his conviction for criminal damage and that his conviction under A.R.S. § 13-1207 is the product of a duplicitous indictment and a jury instruction that did not separate the offenses charged. *See State v. Axley*, 132 Ariz. 383, 646 P.2d 268 (1981). Manzanedo also argues that the trial court imposed aggravated sentences based on improper aggravating factors and in violation of *Blakely v. Washington*, __U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 2531 (2004).

**Criminal Damage**

¶3        We view the evidence in the light most favorable to sustaining Manzanedo's convictions and resolve all reasonable inferences against him. *See State v. Rienhardt*, 190 Ariz. 579, 951 P.2d 454 (1997). "A person commits criminal damage by recklessly . . . [d]efacing or damaging [the] property of another." A.R.S. § 13-1602. Manzanedo argues there was no substantial evidence to sustain his criminal damage conviction because of the

---

[1]Manzanedo was also charged with, but acquitted of, aggravated assault.

conflicting evidence presented at trial. He concedes that one witness, Officer Glass, testified that Manzanedo had ripped a telephone out of a wall and had thrown a food tray during the riot, but asserts that "[n]one of the other officers testified that they [had] observed [him] cause any other damage." "[S]ubstantial evidence . . . is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Edwards*, 136 Ariz. 177, 186, 665 P.2d 59, 68 (1983). Officer Glass's testimony was sufficient to prove that Manzanedo had damaged the property of another. That other witnesses testified they had not seen Manzanedo damage any property does not render Officer Glass's testimony insubstantial, as Manzanedo suggests. The jury was entitled to believe whichever witnesses it found credible. *See State v. Williams*, 209 Ariz. 228, ¶ 6, 99 P.3d 43, 46 (App. 2004) ("Although the record contains some conflicting evidence, it was for the jury to weigh the evidence and determine the credibility of the witnesses.").

¶4 To the extent Manzanedo also asserts that Officer Glass's testimony was insufficient to establish the amount of damage for a class four felony, *see* § 13-1602(B) (criminal damage is class four felony if damage is $10,000 or more), he fails to develop any argument on why the state could not rely on the total damages from the riot of $23,662.55, offering only the conclusory statement that he "cannot be held accountable for the actions of others." Because Manzanedo's argument does not comply with Rule 31.13(c), Ariz. R. Crim. P., 17 A.R.S., we do not address it.

3

**Conviction under § 13-1207**

¶5        Manzanedo next asserts that § 13-1207 "criminalizes two separate offenses in the same statute, to-wit: (1) assault with intent to incite a riot, and (2) participation in a riot." Based on this assertion, he argues variously that the indictment was duplicitious, that the court's jury instruction failed to cure the effect of the duplicitious indictment, that the statute itself is duplicitous, and that the jury verdict was not unanimous.

¶6        We note first that Manzanedo did not raise these issues in the trial court. Although he objected to the instruction relating to § 13-1207, he asserted only that the statutory provisions were unclear. Therefore, he has waived the arguments on appeal absent fundamental error. *See State v. Davis*, 205 Ariz. 174, ¶ 32, 68 P.3d 127, 132 (App. 2002) ("[A]bsent fundamental error, failure to raise issue at trial waives it on appeal."). Fundamental error is "'clear, egregious, and curable only via a new trial,'" *State v. Lamar*, 205 Ariz. 431, ¶ 50, 72 P.3d 831, 841 (2003), *quoting State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991), and is error that goes "to the foundation of the case," that "takes from the defendant a right essential to [the] defense," or that is "of such magnitude that the defendant could not possibly have received a fair trial." *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). To the extent Manzanedo has requested that we review the issue for fundamental error, we find no such error.

¶7        We disagree with the premise common to all of Manzanedo's arguments on this issue—that § 13-1207 creates two separate offenses. Section 13-1207, entitled

4

"Prisoners who commit assault with intent to incite to riot or participate in riot," states in pertinent part: "A person, while in the custody of the state department of corrections or a county or city jail, who commits assault upon another person with the intent to incite to riot or who participates in a riot is guilty of a class 2 felony." We conclude that, rather than creating two separate offenses, § 13-1207 creates a single offense that can be committed in alternate ways.

¶8 "'Various tests are applied in determining whether statutes are intended to create one or more offenses.'" *People v. Hathaway*, 103 Cal. Rptr. 638, 643 (Ct. App. 1972), *quoting Bealmear v. S. Cal. Edison Co.*, 139 P.2d 20, 23 (Cal. 1943). In *State v. Dixon*, 127 Ariz. 554, 622 P.2d 501 (App. 1981), we relied on the tests suggested by the Washington Supreme Court in *State v. Arndt*, 533 P.2d 1328 (Wash. 1976), and determined that Arizona's theft statute, A.R.S. § 13-1802, created a single offense that could be committed in different ways. We considered (1) the title of the statute, (2) whether there was "a readily perceivable connection between the various acts" listed in the statute, (3) whether those acts were "consistent with and not repugnant to each other," and (4) whether those acts might "inhere in the same transaction." *Dixon*, 127 Ariz. at 561, 622 P.2d at 508. We may conduct that same analysis here, but ultimately, we must determine whether the legislature intended to create separate offenses in enacting the statute. *See State v. Fell*, 209 Ariz. 77, ¶ 33, 97 P.3d 902, 911 (App. 2004) ("In interpreting a statute, we must attempt to give effect to the legislature's intent.").

¶9        We note initially that, had the legislature intended to create two separate offenses, it could easily have done so by enacting separate statutes or, at least, separate subsections. And, although § 13-1207 lists two conceivably separate acts—assault and participation—these acts are connected by the central subject of the statute—prison riots. The act of assaulting another with intent to incite a riot and the act of participating in a riot both further a prison riot, the conduct the legislature obviously intended to discourage by enacting § 13-1207. *See Bealmear* (collecting cases and considering primary purpose in determining statute created single offense although listing multiple acts). Moreover, the listed acts are not repugnant to each other. "The varying ways by which a crime may be committed are not repugnant to each other unless the proof of one will disprove the other." *Arndt*, 553 P.2d at 1333. Proving either assault with intent to incite a riot or participation in a riot does not disprove the other.

¶10        Additionally, we agree with the following reasoning by the Washington Supreme Court:

> Doubts in the construction of a penal statute will be resolved in favor of lenity and against a construction that would produce extremely harsh or incongruous results or impose punishments totally disproportionate to the gravity of the offense; so in case of ambiguity the construction will be against turning a single transaction into multiple offenses.

*Id.* at 1334. It is difficult to conceive of a situation in which a prisoner could assault someone with the intent to incite a riot, but not also participate in any ensuing riot. Under Manzanedo's construction of the statute, however, such behavior would constitute two

6

separately punishable offenses. Given the wording of this statute, that is a result we are not confident the legislature intended.

¶11 Moreover, we find unpersuasive Manzanedo's reliance on *State v. Lujan*, 139 Ariz. 236, 677 P.2d 1344 (App. 1984). There, we found an indictment duplicitous because the indictment had alleged in one count two actions expressly made separate offenses in the statute. That is not the case here. Accordingly, we affirm Manzanedo's convictions.

**Sentencing Issues**

¶12 Manzanedo argues the trial court illegally aggravated his sentences based on its findings of the financial loss to the assaulted officers and the state and the presence of an accomplice. First, Manzanedo argues that, because he was not convicted of assault, "[t]he officers were not victims of the crimes for which [he] was convicted," and therefore, financial loss to the officers was an improper aggravating factor. But it is uncontested that the officers were assaulted during the course of the riot Manzanedo incited or participated in; therefore, the trial court properly considered them victims not only of assault, but also of Manzanedo's violation of § 13-1207. That section must be read in conjunction with A.R.S. § 13-2903, which creates the offense of riot. Section 13-2903 provides that "[a] person commits riot if, with two or more other persons acting together, such person recklessly uses force or violence or threatens to use force or violence, if such threat is accompanied by immediate power of execution, which disturbs the public peace." In light of § 13-2903, it is clear that a violation of § 13-1207 is not a victimless crime.

¶13        In *State v. Sorkhabi*, 202 Ariz. 450, 46 P.3d 1071 (App. 2002), Division One of this court held that resisting arrest is not a victimless crime based on aspects of the applicable statute that also exist in our riot statutes. The resisting arrest statute prohibits a person from "[u]sing or threatening to use physical force . . . or . . . any other means creating a substantial risk of causing physical injury to [a] peace officer or another." A.R.S. § 13-2508. Similarly, to commit riot under § 13-2903, a person must use or threaten to use "force or violence . . . if such threat is accompanied by immediate power of execution." Like the resisting arrest statute, our riot statute can include a victim—a person against whom force is used or who is threatened with the use of force. Accordingly, the trial court properly found the victims' financial loss was an aggravating factor. *See* A.R.S. § 13-702(C)(9).

¶14        Second, Manzanedo argues that the presence of accomplices and financial loss were essential elements of the crimes of assault with intent to incite to riot and criminal damage and that his "actions were not so egregious as to rise to a level beyond that which [was] merely necessary to establish" those elements. We disagree. The state presented evidence that the riot had been a large-scale one involving many prisoners and that the financial loss caused by the riot was more than twice the amount required for criminal damage to be a class four felony. Moreover, because the amount of financial damage and the presence of an accomplice are specifically enumerated aggravating factors, *see* § 13-702(C)(3) and (4), the trial court was authorized to aggravate Manzanedo's sentences based on those facts regardless of whether they were more egregious than necessary to establish

8

an element of the crimes. *See State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980); *State v. Alvarez*, 205 Ariz. 110, 67 P.3d 706 (App. 2003). We find no error in the trial court's imposition of aggravated sentences.

**¶15** Next, Manzanedo contends his sentences violated the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and applied in *Blakely*. We disagree. Although the state argues Manzanedo waived this issue by failing to raise it below, in our discretion, we address it. *See State v. Resendis-Felix*, 209 Ariz. 292, 100 P.3d 457 (App. 2004).

**¶16** The trial court based Manzanedo's sentences on its finding of five aggravating factors: (1) Manzanedo's criminal history,[2] (2) the presence of an accomplice, (3) the financial loss to the victims, (4) Manzanedo's "failure to benefit from past lenient treatment," and (5) the unprovoked and unreasoning nature of Manzanedo's actions. At least one of those aggravating factors was *Blakely* compliant, and the trial court expressly found no mitigating factors. As we recently explained in *State v. Alire*, 209 Ariz. 517, 105 P.3d 163 (App. 2005), when a trial court finds no mitigating factors and one *Blakely*-compliant or -exempt aggravating factor, the court may consider additional aggravating

---

[2]We note that Manzanedo's criminal history included multiple prior convictions. In *State v. Burdick*, 209 Ariz. 452, 104 P.3d 183 (App. 2005), the trial court aggravated a sentence based in part on the defendant's criminal history. We found that "criminal history" was not necessarily equivalent to prior convictions, and therefore, the trial court's finding was not exempt from the rule in *Blakely*. We need not decide here whether Manzanedo's criminal history is a *Blakely*-exempt aggravating factor, because, as explained below, Manzanedo's aggravated sentences are supported by another *Blakely*-compliant factor.

9

factors if supported by reasonable evidence and impose a sentence within the aggravated range. *See also State v. Viramontes*, 204 Ariz. 360, ¶ 14, 64 P.3d 188, 190 (2003) ("In non-capital cases, aggravators need only be supported by reasonable evidence.").

**¶17** The jury found financial loss in the verdict on criminal damage. As Manzanedo has conceded, this factor was an essential element of one of the crimes of which he was convicted. The verdict on the criminal damage charge included the jury's specific finding that the "total amount of damage was . . . [m]ore than $10,000.00." The trial court used this express finding by the jury to aggravate both of Manzanedo's sentences. For the same reasons expressed in *Alire*, we find no *Blakely* error.

**¶18** Affirmed.

_____
M. JAN FLÓREZ, Presiding Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge


E S P I N O S A, Judge, specially concurring.


**¶19** I concur in the disposition and all aspects of the decision except the analysis of the *Blakely* sentencing issue in ¶ 16. It is unnecessary to hinge the determination of

whether any *Blakely* error occurred on whether the trial court found any mitigating factors, when Manzanedo's sentence was clearly authorized by his undisputed prior felony convictions. *See State v. Estrada*, ___ Ariz. ___, 108 P.3d 261 (App. 2005); *State v. Chiappetta*, 210 Ariz. 40, 107 P.3d 366 (App. 2005) (Espinosa, J.); *see also State v. Martinez*, 209 Ariz. 280, 100 P.3d 30 (App. 2004). Because Manzanedo's prior convictions are exempt from the rule in *Blakely*, no additional fact-finding was necessary for the trial court to constitutionally aggravate Manzanedo's sentences to the maximum authorized by A.R.S. § 13-702.[3]

¶20        As Division One of this court recently observed, "under Arizona's statutory scheme, [a defendant's] criminal history constitutes an aggravating circumstance that—without the need for any additional jury findings—expose[s] him to being sentenced to [an aggravated term]." *Estrada*, 108 P.3d 261 at 264. Other aggravators, not to mention mitigators, need not be addressed because they are "not necessary to establish the maximum prison term that is statutorily authorized." *Chiappetta*, 210 Ariz. 40, ¶ 23, 107 P.3d 366 at 374 (Espinosa, J.). Stated differently, because the elements to which constitutional protections attach consist of "'facts legally essential to the punishment to be inflicted,'"

---

[3]As the majority notes, a panel of this court recently found that the trial court's use of the term "criminal history" during sentencing was too generalized a reference to the defendant's prior convictions to come under the *Blakely* exemption. *State v. Burdick*, 209 Ariz. 452, 104 P.3d 183 (App. 2005). But that view appears to unnecessarily elevate form over substance; it does not apply here in any event because the trial court made specific findings as to two of the defendant's numerous convictions.

when the maximum sentence is increased by a *Blakely*-compliant factor such as a prior conviction, the defendant has no right to a lesser sentence and other factors are not essential to the range of punishment. *Estrada*, 108 P.3d at 265, *quoting Harris v. United States*, 536 U.S. 545, 561, 122 S. Ct. 2406, 2416, 163 L. Ed. 2d 524, 540 (2002). *See also Martinez* (aggravating factor was implicit in jury finding; thus, trial court's weighing of additional aggravating factors not violative of *Blakely* because jury finding expanded sentencing range); *cf. United States v. Booker*, ___ U.S. ___, ___, 125 S. Ct. 738, 750, 160 L. Ed. 2d 621, ___ (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.").

¶21 In sum, Manzanedo's prior convictions posed no question for a jury and, standing alone, authorized the aggravated sentences imposed, in full compliance with *Blakely*.

_____
PHILIP G. ESPINOSA, Judge

12