NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

VINCE STANTON HICKEY, *Appellant.*

No. 1 CA-CR 18-0874

FILED 7-16-2020

Appeal from the Superior Court in Maricopa County
No. CR 2015-154431-001
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle L. Hogan
*Counsel for Appellee*

Blackwell Law Office PLLC, Phoenix
By Jocquese L. Blackwell
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1        Vince Hickey appeals from his conviction of assault and imposition of supervised probation.  For the following reasons, we affirm.

## BACKGROUND

¶2        We view the evidence in the light most favorable to sustaining the verdict, resolving all inferences against the defendant.  *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004).  Hickey and his wife ("the victim") argued throughout the day on November 26, 2015.  The arguments continued the next morning, and the victim called a  chaplain who was giving the couple marriage guidance.  Hickey then called the chaplain himself and removed a rifle from a safe.  The victim tried to take a picture of Hickey holding the rifle, intending to show it to the chaplain, but during the struggle, her phone was thrown across the room.  The victim grabbed her purse and ran from the house.  She had scratches on her arm as a result of the incident.

¶3        As relevant here, the State charged Hickey with two domestic violence offenses: aggravated assault, a class three felony, and assault (recklessly causing physical injury), a class two misdemeanor.  At trial, Hickey moved for judgment of acquittal pursuant to Arizona Rules of Criminal Procedure ("Rule") 20, which the superior court denied.  The jury found Hickey guilty of assault.  The jury was unable to reach a verdict on the aggravated assault charge; on retrial the jury again could not reach a verdict, and the aggravated assault charge was dismissed.  The court imposed supervised probation for 18 months, and Hickey appealed.

## DISCUSSION

¶4        Hickey argues the superior court abused its discretion in denying his Rule 20 motion for acquittal because his assault conviction is not supported by substantial evidence.

¶5          We review the denial of a Rule 20 motion de novo.  *State v. West,* 226 Ariz. 559, 562, ¶ 15 (2011).  "[T]he court must enter a judgment of acquittal . . . if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1).  "Substantial evidence" as applied to Rule 20, "is such proof that reasonable persons could accept [the evidence] as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt."  *West,* 226 Ariz. at 562, ¶ 16 (quotations omitted).  When the evidence allows reasonable minds to differ as to the inferences drawn from the facts, the trial judge has no discretion to enter a judgement of acquittal.  *Id.* at 563, ¶ 18.

¶6          To convict Hickey of assault, the State had to prove beyond a reasonable doubt that he recklessly caused "any physical injury" to the victim.  A.R.S. § 13-1203(A)(1); *State v. Johnson*, 247 Ariz. 166, 203, ¶ 149 (2019).  "Recklessly" means Hickey was "aware of and consciously disregard[ed] a substantial and unjustifiable risk" that the victim would be injured.  A.R.S. § 13-105(10)(c) and 13-1203(A)(1).  "'Physical injury' means the impairment of physical condition."  A.R.S. § 13-105(33).

¶7          The victim testified that Hickey would not allow her to leave their bedroom closet while threatening her, pointed a rifle at her, and physically struggled with her to take away her phone.  The couple's chaplain was on the phone with Hickey at the time of the altercation.  The chaplain testified that he heard the victim yell to him that Hickey was trying to take her phone, and that Hickey said he would "see [the chaplain] at the funeral."  Given that evidence, a jury could reasonably find Hickey's struggle to take the victim's phone was done with conscious disregard for a risk of injury to the victim.  *See* A.R.S. § 13-105(10)(c) and 13-1203(A)(1). Thus, substantial evidence exists that Hickey acted recklessly during the couple's altercation.

¶8          Substantial evidence was also presented that Hickey caused a "physical injury" to the victim during their altercation.  A.R.S. § 13-1203(A)(1).  At trial, a photograph showing scratches on the victim's arm was admitted into evidence.  The victim testified that the scratches were not present before the altercation and were a result of Hickey trying to forcefully take her phone from her.  And Hickey makes no contention the scratches did not impair the victim's physical condition.

¶9          Although Hickey challenged the victim's account of what occurred, the jury was tasked with assessing witness credibility and the inferences to be drawn therefrom.  *See State v. Williams*, 209 Ariz. 228, ¶ 6 (App. 2004) ("Although the record contains some conflicting evidence, it

was for the jury to weigh the evidence and determine the credibility of the witnesses."). The jury implicitly found the victim's testimony credible on the issue of whether she was injured by Hickey during the altercation, and we will not overturn that finding. *See State v. Soto-Fong,* 187 Ariz. 186, 200 (1996) (recognizing that we do not reweigh evidence on appeal).

**¶10** Finally, we are not persuaded by Hickey's argument that the verdict is legally insufficient because the State's case rested solely on the victim's uncorroborated testimony, and thus proof beyond a reasonable doubt could not be achieved. As noted by the State, a victim's uncorroborated testimony can constitute sufficient evidence to support a conviction. *See State v. Williams,* 111 Ariz. 175, 177–78 (1974); *State v. Manzanedo,* 210 Ariz. 292, 293, ¶ 3 (App. 2005).

## CONCLUSION

**¶11** For the foregoing reasons, we affirm Hickey's conviction and imposition of probation.



AMY M. WOOD • Clerk of the Court
FILED: AA

4