ESPINOSA, Judge,
specially concurring.
¶ 19 I concur in the disposition and all aspects of the decision except the analysis of the Blakely sentencing issue in ¶ 16. It is unnecessary to hinge the determination of whether any Blakely error occurred on whether the trial court found any mitigating factors, when Manzanedo’s sentence was clearly authorized by his undisputed prior felony convictions. See State v. Estrada, 210 Ariz. 111, 108 P.3d 261 (App.2005); State v. Chiappetta, 210 Ariz. 40, 107 P.3d 366 (App.2005) (Espinosa, J.); see also State v. Martinez, 209 Ariz. 280, 100 P.3d 30 (App.2004). Because Manzanedo’s prior convictions are exempt from the rule in Blakely, no additional fact-finding was necessary for the trial court to constitutionally aggravate Manzanedo’s sentences to the maximum authorized by A.R.S. § 13-702.[3]
¶ 20 As Division One of this court recently observed, “under Arizona’s statutory scheme, [a defendant’s] criminal history constitutes an aggravating circumstance that — without the need for any additional jury findings— expose[s] him to being sentenced to [an aggravated term].” Estrada, 210 Ariz. 111, 108 P.3d 261 at 264. Other aggravators, not to mention mitigators, need not be addressed because they are “not necessary to establish the maximum prison term that is statutorily authorized.” Chiappetta, 210 Ariz. 40, ¶ 23, 107 P.3d 366 at 374 (Espinosa, J.). Stated differently, because the elements to which constitutional protections attach consist of *297 “ ‘facts legally essential to the punishment to be inflicted,’ ” when the maximum sentence is increased by a Sda/ceZy-compliant factor such as a prior conviction, the defendant has no right to a lesser sentence and other factors are not essential to the range of punishment. Estrada, 108 P.3d at 265, quoting Harris v. United States, 536 U.S. 545, 561, 122 S.Ct. 2406, 2416, 153 L.Ed.2d 524, 540 (2002). See also Martinez (aggravating factor was implicit in jury finding; thus, trial court’s weighing of additional aggravating factors not violative of Blakely because jury finding expanded sentencing range); cf. United States v. Booker, — U.S. -, -, 125 S.Ct. 738, 750, 160 L.Ed.2d 621 (2005) (“[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.”).
¶ 21 In sum, Manzanedo’s prior convictions posed no question for a jury and, standing alone, authorized the aggravated sentences imposed, in full compliance with Blakely.

. As the majority notes, a panel of this court recently found that the trial court's use of the term "criminal history” during sentencing was too generalized a reference to the defendant’s prior convictions to come under the Blakely exemption. State v. Burdick, 209 Ariz. 452, 104 P.3d 183 (App.2005). But that view appears to unnecessarily elevate form over substance; it does not apply here in any event because the trial court made specific findings as to two of the defendant’s numerous convictions.